**VALLEY FORGE INSURANCE COMPANY, Appellant,**

v.

**Timothy AUSTIN, Appellee.**

No. 05–00–01915–CV.

Court of Appeals of Texas, Dallas.

Dec. 20, 2001.

Michelle May, Downs Stanford, PC, Dallas, for Appellant.

Bradley Dean McClellan, Assistant Attorney General, Austin, for Appellee.

Before Chief Justice THOMAS, Justices FARRIS[1] and ROSENBERG[2].

## OPINION

DAVID F. FARRIS, Justice (Assigned).

In this workers' compensation case, Valley Forge Insurance Company appeals from the trial court's judgment in favor of Timothy Austin, the injured employee, and Texas Workers' Compensation Commission, the intervenor. Because we interpret the addition of section 409.009 in the 1989 changes to the Texas Workers' Compensation Act (the Act) as an abrogation of the common-law election-of-remedies affirmative defense, we hold that an employee does not waive his claim to workers' compensation benefits by pursuing group health insurance benefits. Accordingly, we affirm.

## FACTS

The facts are undisputed. Ten days after suffering a work-related injury, Austin verbally rejected all workers' compensation benefits. Several weeks after paying for his medical treatment and surgery with his wife's group health insurance benefits, Austin filed a claim to receive workers' compensation benefits.

---

**1.** The Honorable David F. Farris, Former Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

**2.** The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

In its findings of fact, the trial court stated that "[t]he group health insurance company, which provided medical treatment to … Austin, has the right of a subclaimant, to pursue reimbursement from Valley Forge Insurance Company under Texas Labor Code § 409.009." Furthermore, "[m]anifest injustice does not result from … Austin's pursuit of group health medical benefits along with … Austin's timely pursuit of his workers' compensation claim." In its conclusions of law, the trial court stated that "Austin did not make a knowing election of remedies."

## ELECTION OF REMEDIES

■ In its sole point, Valley Forge asserted the trial court abused its discretion in ruling Austin's claim was not barred by the election of remedies doctrine. Specifically, Valley Forge argues the simultaneous pursuit of group health insurance benefits and workers' compensation benefits are inconsistent positions. We disagree.

To support its argument, Valley Forge relies on *Bocanegra v. Aetna Life Insurance Co.*, 605 S.W.2d 848, 851 (Tex.1980), which stated the following test: the election of remedies doctrine may constitute a bar to relief when (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of fact (3) which are so inconsistent as to (4) constitute manifest injustice. Valley Forge asserts Austin made an informed choice because, although he knew workers' compensation benefits were available to him for what he knew was a work-related injury, he nevertheless decided to receive group health insurance benefits.

In 1989, however, after *Bocanegra* was decided, the Texas Legislature created and enacted two provisions of the Act. The first provision defined a subclaimant as a person who has:

(A) provided compensation payable under this Act, directly or indirectly, to or for an employee or legal beneficiary;

(B) sought and been refused reimbursement from the insurance carrier; and

(C) filed a written subclaim with the commission.

Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, 1989 Tex. Gen. Laws 1, 5 (amended 1993) (current version at TEX. LAB. CODE ANN. § 409.009 (Vernon 1996)). The second provision governed when a subclaimant could file a claim with the commission:

SUBCLAIMS. A person may file a claim with the commission as a subclaimant if the person has:

(1) provided compensation, including health care provided by a health care insurer, directly or indirectly, to or for an employee or legal beneficiary; and

(2) sought and been refused reimbursement from the insurance carrier.

Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 5.08, 1989 Tex. Gen. Laws 1, 50 (amended 1993). In 1993, the Texas Legislature combined these two statutes to create what is now section 409.009 of the Texas Labor Code. Act of May 22, 1993, 73rd Leg., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1194 (1993) (current version at TEX. LAB. CODE ANN. § 409.009 (Vernon 1996)).

■ From the date of their original enactment, these statutes afforded protection for private health insurers who have provided health care to an employee covered by the Act by allowing private health insurers an avenue for financial redress through the workers' compensation commission. Because private health insurers now enjoy this protection, an employee's pursuit of benefits from both a private health insurer and under the Act are not inconsistent acts; all paths can lead to the

workers' compensation commission for payment. In other words, by their enactment, these statutes effectually eliminated the possibility of an employee's double recovery. *See Bocanegra,* 605 S.W.2d at 851; *see also Vickery v. Vickery,* 999 S.W.2d 342, 373 (Tex.1999) (stating that purpose of election of remedies doctrine is to prevent double recovery for single wrong). Stated differently, because any subclaimant (such as Austin's group health insurance carrier) could be made whole regardless of whether the employee pursued group health insurance benefits *and* workers' compensation benefits, there could be no inconsistent positions. Without inconsistent positions, the common-law election of remedies doctrine is no longer a viable affirmative defense to the pursuit of a workers' compensation claim.

While Valley Forge cites factually similar cases that apply the *Bocanegra* rule, these cases either predate the 1989 changes or are not binding on this Court. *See Pansegrau v. Nat'l Union Fire Ins. Co.,* 23 F.3d 960, 964–65 (5th Cir.1994); *Smith v. Home Indem. Co.,* 683 S.W.2d 559, 562–564 (Tex.App.-Fort Worth 1985, no writ).

Because section 409.009 abrogated the common-law election-of-remedies affirmative defense, the trial court did not abuse its discretion in concluding that Austin did not make a knowing election of remedies (by pursuing benefits from the group health insurer and under the Act). Finding no error, we overrule Valley Forge's sole point.

## CONCLUSION

The judgment of the trial court is affirmed.