AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA, Appellant,

v.

Jay P. MARTIN, Appellee,

and

The Sequel Group d/b/a Just Technical Associates, Cross–Appellant,

v.

American Casualty Co. of Reading, Pennsylvania, Cross–Appellee.

No. 05–02–00187–CV.

Court of Appeals of Texas, Dallas.

Jan. 6, 2003.

David L. Brenner, Burns Anderson Jury & Brenner, L.L.P., Austin, for Appellant.

Darryl J. Silvera, Silvera & Associates, Dallas, Bradley Dean McClellan, Asst. Atty, Gen., Austin, for Appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

This appeal involves the construction and application of several provisions of the Texas Labor Code involving workers' compensation benefits. In two issues, appellant American Casualty Company of Reading, Pennsylvania ("American Casualty") challenges the trial court's summary judgment ruling concerning required notice of an injury and the jury's verdict concerning a purported election of remedies by appellee Jay P. Martin. In three additional issues, cross-appellant The Sequel Group, d/b/a Just Technical Associates ("Just Technical Associates") challenges the trial court's ruling concerning Just Technical Associates's right to reimbursement for payments made to or on behalf of its employee, Martin. For the reasons discussed below, we affirm the judgment of the trial court.

**BACKGROUND**

Martin was the chief executive officer of a computer consulting company, Just Technical Associates. On November 17, 1998, Martin piloted the company plane to a business meeting in Monroe, Louisiana. Shortly after the plane took off to return to Texas, it went down. Martin was badly injured and unconscious; he was taken to St. Francis Hospital in Louisiana. While he was unconscious at the hospital, two Louisiana employees of Just Technical Associates heard about the plane crash and went to the hospital. These employees gave hospital personnel a Just Technical Associates card identifying the company's health care carrier, Prudential. For some time, Martin's medical expenses were submitted to Prudential. However, Martin never discussed insurance coverage of any sort with personnel at St. Francis.

When he arrived at St. Francis, Martin's injuries included compound fractures of his sinus cavity, compound fractures of both legs, dislocations of both ankles, open skull fractures, a hole in his forehead, a broken collar bone, and two collapsed lungs. Between November 17 and November 20, 1998, Martin underwent a series of surgeries and was heavily medicated for pain. Martin's treating physician at St. Francis opined that Martin's injuries were "beyond what he was capable of fixing," and he suggested Martin be taken by air ambulance to Parkland Hospital in Dallas. Martin remained at Parkland through approximately December 6 or December 7, 1998. While at Parkland, he underwent another series of surgeries in efforts to treat his extensive injuries, and again he was heavily medicated throughout his hospital stay. Payment for his treatment was never discussed with anyone from Parkland.

Early in December, Martin's treating physician at Parkland told Martin his only

option was to have both legs amputated. At this point in time, Martin was referred by a friend to Dr. Terry Trammell in Indiana who might be able to save his legs, and Martin arranged to be taken to Indiana for treatment. Martin checked into Methodist Hospital in Indianapolis and remained there, under Dr. Trammell's care, until December 25, 1998.

While Martin was at Methodist Hospital, he received a letter from Prudential stating that coverage was being denied because the Indiana treatment was out of his service area and not within forty-eight hours of an emergency. The letter quoted language stating that "unnecessary services and supplies" were not covered by the Prudential policy. Later communications with Prudential also emphasized the treatment had not been properly pre-authorized. Methodist personnel advised Martin to speak to his primary care physician to deal with authorization issues, but Martin had never developed a relationship with a primary care physician. The record indicates Martin attempted to locate a doctor that would agree to serve as his primary care physician but had difficulty finding one until well into February. In the meantime, Martin signed a personal guaranty for the expenses of his treatment at Methodist.

After his discharge from Methodist, Martin stayed briefly in a motel in Indianapolis and finally returned to Texas. He lived in a hotel with facilities for the disabled for approximately another month. He was unable to fill Dr. Trammel's prescriptions in Texas or to find a doctor who would take over his treatment insofar as prescribing the medicine he needed to take. He made at least one trip back to Indiana and obtained a supply of medication that he brought back with him. (At the time of the trial, Martin was still returning to Dr. Trammel for follow-up treatment of persistent infections in both legs.)

In early February, Martin hired a law firm to sort through all of the various insurance and liability implications of the plane crash. As CEO of Just Technical Associates, one of Martin's job responsibilities was coordinating all insurance coverage for the company and its workers. In fact, Martin had been responsible for obtaining Just Technical Associates's healthcare and workers' compensation policies, and he was also responsible for reporting work-related injuries to the workers' compensation policy carrier, American Casualty. Martin's attorney recommended that the company notify American Casualty that Martin had suffered a work-related injury. That notice was given on February 16, 1999.

American Casualty contested Martin's claim on three grounds: intoxication (later withdrawn), election of remedies to pursue benefits through health insurance carrier, and untimely report of injury. American Casualty did, however, begin paying temporary benefits to Martin after it received notice of the injury in February. On March 19, 1999, Just Technical Associates filed its Employer's Report for Reimbursement of Voluntary Payment of $114,593.38, for payments made to or on behalf of Martin related to his injury. American Casualty contested this claim as well.

Martin and Just Technical Associates appealed to the Texas Workers' Compensation Commission (the "Commission"). The appeals panel of the Commission ruled for Martin on his claim and against Just Technical Associates on the reimbursement claim, finding the corporate employer had forfeited its right to reimbursement by failing to comply with statutory notice requirements. American Casualty and Just Technical Associates appealed the

Commission's decisions to the district court.[1] The Commission intervened.

Both American Casualty and Martin filed summary judgment motions in the district court. Martin's motion argued that the Texas Labor Code does not require an injured worker who is also a supervisor to report a job-related injury to the workers' compensation carrier within thirty days and that Martin did not make an election of remedies that would excuse American Casualty from liability. The district judge granted this motion except as to the election of remedies issue. American Casualty's motion argued that Martin *had* made an election of remedies that released American Casualty from liability in this case and that Just Technical Associates had no right to reimbursement because of its untimely notice of Martin's injury. Again, the district court granted this motion except as to the election of remedies issue.

The election of remedies issue was tried to a jury. The court's charge asked:

Did Jay P. Martin make an election of remedies to have his medical costs for his injuries covered under his group health insurance coverage policy with Prudential, and not under his workers' compensation policy with American Casualty Company of Reading, Pennsylvania?

The jury answered "no" to this question.

The trial court's final judgment incorporated (1) the interlocutory summary judgment ruling in favor of Martin on the notice issue, (2) the jury's finding in favor of Martin on the election of remedies issue, and (3) the summary judgment ruling that Just Technical Associates was not entitled to reimbursement from American Casualty for money it advanced to Martin. American Casualty appeals the first two of these three rulings, and Just Technical Associates cross-appeals the third ruling.

## NOTICE OF INJURY OF INDIVIDUAL EMPLOYER

■ American Casualty's first issue posits that because Martin was both the injured worker and the employer or ultimate supervisor at the workplace, he was required to give notice to the carrier within thirty days of the injury. Martin and the Commission argue that the statute requires no such notice from Martin.

The Texas Workers' Compensation Act, Tex. Lab.Code Ann. chs. 401–418 (Vernon 1996 & Supp.2003) (the "Act"), provides:

(a) An employee or a person acting on the employee's behalf *shall notify the employer* of the employee of an injury not later than the 30th day after the date on which:

(1) the injury occurs; or

(2) if the injury is an occupational disease, the employee knew or should have known that the injury may be related to the employment.

(b) The notice required under Subsection (a) may be given to:

(1) the employer; or

(2) *an employee of the employer who holds a supervisory or management position.*

*Id.* § 409.001 (Vernon 1996) (emphasis added). Clearly, by its own terms, the Act requires the injured worker to notify his employer, not the carrier, of his injury. Moreover, this section allows the injured worker to give that notice to an employee who holds a supervisory or management position.

1. Initially, the decisions were appealed in separate proceedings. The parties filed a joint motion to consolidate the two cases in the 160th judicial district, and the trial judge granted the motion.

Although Martin was an employee himself in terms of coverage,[2] he also held a supervisory or management position. Martin had notice of his own injury immediately. Through him, the corporate employer, Just Technical Associates, also had actual notice of the injury immediately. This actual knowledge of an injury can take the place of formal notice under section 409.001. *See id.* § 409.002(1).

American Casualty argues that the spirit of the Act requires a supervisor to report his own injury directly to the carrier within the same thirty days that a non-supervisory employee would report an injury to the supervisor. This requirement, according to American Casualty, would safeguard the carrier's ability to investigate the injury and would ensure the claimant received prompt and adequate medical care. Certainly these are laudable goals. However, nothing in the record reflects problems with investigation of Martin's injury or obtaining appropriate medical care for Martin. More importantly, there is simply nothing in the Act that imposes the deadline for which American Casualty argues. Section 409.001 clearly requires report of an injury to an injured worker's employer within thirty days. Under the circumstances of this case, the employer had actual knowledge of the injury immediately. The Act does not require more.

American Casualty's position embraces a policy argument that the legislature could have adopted. However, the legislature has not adopted this policy. The Act does not impose the notice requirement urged by American Casualty, and we will not read one into the Act in this case. Our supreme court has consistently directed us to construe the provisions of the Act to carry out the legislative purpose of compensating injured workers. *See, e.g., Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex.1999). We conclude Martin did not fail to give notice required by the Act. We decide American Casualty's first issue against it.

## ELECTION OF REMEDIES BY INDIVIDUAL EMPLOYER

■ American Casualty's second issue challenges the legal and factual sufficiency of the evidence supporting the jury's verdict that Martin did not make an election of remedies that released American Casualty from liability. In this context, an election of remedies occurs when the actor successfully exercises an informed choice between two or more remedies, rights, or states of facts, which are so inconsistent that to allow relief of a different kind (i.e., the kind *not* chosen) would constitute manifest injustice. *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 851 (Tex.1980). Notwithstanding the longstanding *Bocanegra* rule, Martin urges that this Court's recent opinion in *Valley Forge Ins. Co. v. Austin,* 65 S.W.3d 371 (Tex.App.-Dallas 2001, pet. filed), controls the disposition of appellants' second issue.

In *Valley Forge,* this Court opined that "election of remedies is no longer a viable affirmative defense to the pursuit of a workers' compensation claim." *Id.* at 373. Both Martin and the Commission adopt the *Valley Forge* argument that the defense of election of remedies did not survive recent amendments to the Act and further argue that American Casualty, because of *Valley Forge,* may not rely on the common-law defense of election of remedies in this case. American Casualty chal-

---

**2.** The Act provides that a corporate executive officer is entitled to benefits under the company's workers' compensation coverage "as an employee" unless he is specifically excluded from coverage. TEX. LAB.CODE § 406.097 (Vernon 1996). There is no evidence in the record of such an exclusion.

lenges the correctness of *Valley Forge* and invites us to revisit it. We decline to do so in this case simply because a change in the *Valley Forge* holding would not change the disposition of appellant's second issue. Our reasoning for this conclusion follows.

▇▇▇ Under Texas law, American Casualty bore the burden of proof on any election of remedies defense at trial. To prevail on its election of remedies theory and legal sufficiency challenge, therefore, American Casualty must show it proved as a matter of law that Martin made an election of remedies. *See Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983) ("A complaint by the party with the burden of proof that there was no evidence to support the jury's finding invokes appellate jurisdiction to consider the contention that the opposite of the finding was established as a matter of law."); *see also Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). To prevail on its factual insufficiency challenge, American Casualty must show that the jury's finding was against the great weight and preponderance of the evidence. *See Croucher,* 660 S.W.2d at 58.

Our review of the evidence persuades us that the jury's verdict is supported by both legally and factually sufficient evidence. American Casualty did not establish as a matter of law that Martin made an informed election to reject workers' compensation benefits; the record contains no evidence that Martin told any caregiver he was making that choice. Nor did American Casualty establish that the Prudential policy forbade recovery for work-related injuries. Indeed, the record describes a terrible accident causing extensive injuries and a patient and caregivers who were simply pre-occupied with dealing with those injuries. As Martin's care and payment issues unfolded, there is no evidence he attempted to obtain inconsistent or double recoveries: all the evidence points to efforts to obtain payment for his medical expenses. We see no evidence of manifest injustice in Martin's efforts. To the extent the evidence centered on Martin's testimony concerning his own behavior and intent, the decision to believe or not to believe Martin was for the jury. *See Price v. Short,* 931 S.W.2d 677, 689 (Tex.App.-Dallas 1996, no writ).

In the end, the record merely describes a three-month period during which the severely injured Martin sought treatment and payment for that treatment. We agree with the Commission that "the evidence does not support an election of remedies, but merely shows the contemporaneous and timely pursuit of consistent avenues of recovery." We decide American Casualty's second issue, challenging both the legal and factual sufficiency of the jury's verdict, against it.

## REIMBURSEMENT OF CORPORATE EMPLOYER

Just Technical Associates, the corporate employer in this case, urges three issues in its cross-appeal, attacking the following portion of the trial court's judgment:

> The Court further considered the issue raised by [Martin] and Just Technical Associates relating to whether Just Technical Associates is entitled to reimbursements of monies it advanced on behalf of [Martin] from [American Casualty] based on Texas Labor Code § 408.003. The Court finds that the undisputed facts reflect that Just Technical Associates did not file a TWCC–1 within eight (8) days of the date of the injury as required by Texas Labor Code § 409.005. It is hereby ORDERED that Just Technical Associates is not entitled to reimbursement from [American Casualty] based on Texas Labor Code § 408.003.

The record substantiates that Just Technical Associates advanced Martin more than $114,000 in payments related to his medical treatment. These amounts would normally be reimbursable to Just Technical Associates under section 408.003 of the Act, which provides:

> If an injury is found to be compensable and an insurance carrier initiates compensation, the insurance carrier shall reimburse the employer for the amount of benefits paid by the employer to which the employee was entitled under this subtitle.

TEX. LAB.CODE § 408.003(b) (Vernon Supp. 2003).

### Jurisdictional Issues

■ Both Just Technical Associates and American Casualty raise jurisdictional challenges concerning this cross-appeal. Just Technical Associates argues the district court decided an issue that was not before it in the above-quoted ruling. Just Technical Associates avers that the sole reimbursement issue before the Commission was "[w]hether Employer is entitled to reimbursement of medical payments from carrier?" It further avers that American Casualty asserted the following, purportedly different, issue in the district court:

> Just Technical Associates was not entitled to reimbursement of monies it advanced to Jay Martin from American Casualty based on Texas Labor Code § 408.003(e) because Just Technical failed to timely file an employer's first report of injury.

American Casualty's framing of the reimbursement issue addresses the decision of the Commission on the reimbursement issue. It represents a narrower version of the original broad issue that was before the Commission because it purposefully incorporates the precise reasoning of the Commission. The district court certainly had jurisdiction to decide this narrower statement of the same issue, and this Court is not barred from reviewing that decision on the grounds raised by Just Technical Associates.

■ American Casualty urges that the district court lacked jurisdiction over the reimbursement claim altogether. American Casualty argues that the reimbursement claim did not involve compensability or eligibility for income or benefits, and so the Act required any judicial review of the issue to be taken in Travis County district court. *See* TEX. LAB.CODE § 410.255 (Vernon 1996); *cf. id.* § 410.301(judicial review of Commission appeals-panel decisions regarding compensability or eligibility for income or death benefits to be performed in county of employee's residence).[3] American Casualty cites us to no case applying section 410.255 to a reimbursement proceeding, and it simply assumes a reimbursement claim is not one "regarding compensability or . . . eligibility" for benefits. We make no such assumption. On the contrary, the threshold standard for the right to reimbursement is the existence of a compensable injury, and the amount of reimbursement is equal to the amount of benefits paid to the employee to which he was entitled. *Id.* § 408.003(b). If we were to read the Act to require judicial review of compensability and eligibility decisions in one court, and judicial review of the reimbursement decisions that are tied to those decisions in another court, employees and employers would face the risk of inconsistent and incompati-

3. American Casualty raised this argument in the district court through a plea to the juris-

diction, which was denied in a written order.

ble results.[4] We believe the facts of this case are sufficiently interrelated that they should have been resolved by the same court.[5] We conclude the district court correctly exercised its jurisdiction over the reimbursement issue decided by the Commission. Accordingly, this Court has jurisdiction to review the district court's decision as to reimbursement.

We reject both parties' arguments against exercising our jurisdiction over the cross-appeal's reimbursement issue.

### Right to Reimbursement

 Relying on the above-quoted portion of section 408.003, Just Technical Associates argues that it was entitled to reimbursement because Martin's injury was compensable and American Casualty did initiate payment of benefits to Martin. *See* TEX. LAB.CODE § 408.003(b). However, this same section of the Act also describes the consequences to an employer if the employer does not timely notify the carrier of an employee's injury, stating "[i]f an employer does not notify the insurance carrier of the injury in compliance with Section 409.005, the employer waives the right to reimbursement under this section." *Id.* § 408.003(e). It is undisputed that Just Technical Associates did not notify American Casualty of Martin's injury within the time period prescribed by section 409.005. Accordingly, Just Technical Associates waived its right to reimbursement. *See id.* The trial court correctly disallowed recovery to the corporate em-

ployer. We decide Just Technical Associates's second and third issues against it.

### CONCLUSION

We have resolved all issues in the direct and cross appeals against their respective proponents. Accordingly, we affirm the judgment of the trial court in all respects.

---

4. For example, in the case at bar, the Commission determined Martin had suffered a compensable injury. It also ruled that there was no right to reimbursement. If those decisions were reviewed separately and were both reversed, Just Technical Associates would have a ruling that it was entitled to reimbursement, but there would be a ruling of no compensable injury.

5. We note again that these issues were initially filed as separate cases in district courts in Dallas. The cases were consolidated on the joint motion of the parties, including American Casualty.