VALLEY FORGE INSURANCE COMPANY, Petitioner,

v.

Timothy AUSTIN, Respondent.

No. 02–0100.

Supreme Court of Texas.

June 5, 2003.

Amanda Lewis, David L. Brenner, Joe R. Anderson, Burns Anderson Jury & Brenner, LLP, Austin, April Michelle May, McCurley Kinser McCurley Nelson & Orsinger, LLP, Wendy D. Schrock, Downs & Stanford, P.C., Dallas, for Petitioner.

PER CURIAM.

We deny the motion for rehearing. We withdraw our opinion of February 6, 2003, and substitute the following in its place.

We deny the petition for review. The court of appeals concluded that Timothy Austin's claim for workers' compensation benefits is not barred by the election-of-remedies doctrine. *Valley Forge Ins. Co. v. Austin,* 65 S.W.3d 371, 373 (Tex.App.—Dallas, 2001). We agree. *See, e.g., Am. Cas. Co. v. Martin,* 97 S.W.3d 679, 684–85 (Tex.App.-Dallas 2003, no pet. h.); *Cigna Ins. Co. v. Evans,* 847 S.W.2d 417, 422–23 (Tex.App.-Texarkana 1993, no writ); *U.S. Fire Ins. Co. v. Pettyjohn,* 816 S.W.2d 839, 841–42 (Tex.App.-Fort Worth 1991, no writ). To reach its decision, however, the court of appeals held that Texas Labor Code section 409.009 abrogated the doctrine in workers' compensation cases where group health insurance is also involved. 65 S.W.3d at 373. But the court did not need to reach that holding to decide this case. *See, e.g., Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 851–52 (Tex.1980). Consequently, we do not reach the merits of the court of appeals' holding and leave open the question of whether section 409.009 abrogates the election-of-remedies doctrine.

Petition denied.

Justice WAINWRIGHT did not participate in the decision.