Cause No









Cause
No. 14-05-00111-CV, Reversed and Rendered; Cause No. 14-05-00770-CV, Petition
for Writ of Mandamus Granted; Opinion filed June 8, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

 

 

NO. 14-05-00111-CV

 

TEXAS MUTUAL INSURANCE CO., 

F/K/A TEXAS WORKERS= COMPENSATION FUND, Appellant 

 

V.

 

SONIC SYSTEMS INTERNATIONAL,
INC., Appellee

                                                                                    
                                                           

On Appeal from the 157th District Court 

 Harris County, Texas

Trial Court Cause No. 99-09637A

                                                                                        
                                                       

 

NO. 14-05-00770-CV

_______________

 

IN RE SONIC SYSTEMS INTERNATIONAL, Relator

 

                                                                                                                      
                         

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

                                                                                                                                               









O P I N I
O N

Two
causes are before us, both stemming from a workers= compensation case in which a former
employee of Sonic Systems International, Inc., a Texas corporation, was injured
on the job while working in Alabama. 
Texas Mutual Insurance Co. (ATMI@), Sonic=s workers= compensation carrier, denied
coverage for the injury, and Sonic filed suit against TMI for breach of
contract, breach of fiduciary duty, negligence and deceptive trade practices
claims (the Acontract claims@). 
Subsequently, Sonic also sought reimbursement under the Texas Workers= Compensation Act (ATWCA@) for voluntary payments it made to the
injured employee.  In October 2003, Sonic=s contract claims were abated pending
a final resolution of the reimbursement claim. 


After
its reimbursement claim was denied under the TWCA, Sonic sought judicial review
of that decision.  The trial court
rendered judgment in Sonic=s favor, and TMI appeals the trial court=s judgment (the Ajudicial review case@) in Cause No. 14-05-00111-CV.  Sonic=s contract claims against TMI have
remained abated since October 2003 and, in Cause No. 14-05-0770-CV, Sonic seeks
a writ of mandamus ordering the trial court to lift abatement.  We have consolidated the cases for purposes
of this opinion.

The
consolidated cases present the following issues:  (1) whether Cochran=s election to recover benefits under
Alabama=s workers= compensation laws bars Sonic=s recovery as Cochran=s subclaimant under the TWCA; and (2)
whether the trial court acted appropriately by continuing to abate Sonic=s contract claims pending a final
determination of the reimbursement claim. 


Because
we conclude Sonic failed to establish as a matter of law that its claim for
reimbursement under the TWCA, as a subclaimant, survived the employee=s election to pursue and recover
remedies under Alabama=s workers= compensation laws, we reverse the trial court=s judgment in Sonic=s favor and render judgment affirming
the decision of the appeals panel in Cause No. 14-05-00111-CV.  Further, because we hold that the trial court=s decision to continue abatement of
Sonic=s contract claims  was improper, and Sonic lacks an adequate
remedy by appeal should abatement continue, we conditionally grant Sonic=s petition for writ of mandamus in
Cause No. 14-05-00770-CV.








I.  Factual
and Procedural Background

Gary
Cochran, an Alabama resident, injured his back while working for Sonic in that
state.  Sonic informed TMI of Cochran=s injury,[1]
but TMI denied coverage, claiming Cochran was an independent contractor and
that he failed to meet the extraterritorial provisions of the TWCA.  Sonic began making voluntary compensation
payments to Cochran shortly after his injury.  


In 1999,
Sonic filed its contract claims against TMI in a Harris County court and also
filed claims against Randy Croix and the Eddie Croix Insurance Agency, Inc.
(the ACroix defendants@), the parties that sold TMI=s policy to Sonic.[2]  In that same year, Cochran filed suit against
Sonic in Alabama, under that state=s workers= compensation laws.  Cochran recovered judgment against Sonic on
July 13, 2001.  Several days later, on
July 17, 2001, Sonic filed a claim with the Texas Workers= Compensation Commission (ATWCC@) seeking reimbursement under section
409.009 of the Labor Code, for $78,023.89, the voluntary benefits it paid to
Cochran prior to his receipt of the Alabama judgment.[3]  Following a hearing on Sonic=s reimbursement claim, the hearing
officer concluded that Cochran was Sonic=s employee at the time of the
accident and was entitled to benefits under the TWCA, but because he recovered
benefits under Alabama=s laws, he was barred by section 406.075 of the Texas Labor
Code[4]
from recovering benefits and, as Cochran=s subclaimant, Sonic=s reimbursement claim was likewise
barred.    

Sonic
appealed the hearing officer=s decision regarding Cochran=s election of remedies and its
entitlement to reimbursement. On May 22, 2002, the appeals panel issued its
decision, affirming the hearing officer=s determinations and concluding as
follows: 








The hearing officer did not err in determining that the claimant
elected to pursue a remedy and recover compensation under the workers= compensation laws of the State of Alabama . . . .

****

The hearing officer did not err in determining that
[Sonic] is not entitled to reimbursement for workers= compensation and medical payments
from the carrier because he also found that no benefits were due under the laws
of Texas. [Sonic=s] request for reimbursement is essentially a subrogation
claim to those benefits.  Because
[Cochran] is barred from recovery under the [TWCA], we conclude that [Sonic],
likewise, is not entitled to recovery under the [TWCA] as a matter of law.  A question of whether [Sonic] is entitled to
reimbursement of Alabama benefits remains a question for another jurisdiction.

In their decision, the
panel discussed primarily whether Cochran had in fact made an Aelection@ to pursue his remedies in Alabama,
noting the hearing officer did not credit Cochran=s statement that he was compelled to
pursue benefits under Alabama=s laws rather than the TWCA, and concluded the hearing
officer=s determination was not so against
the great weight and preponderance of the evidence.[5]  Sonic filed a lawsuit seeking judicial review
of the panel=s decision.

In 2001,
after Sonic filed its reimbursement claim with the TWCC, Sonic=s contract claims were abated pending
a determination of the compensability of Cochran=s injury.  The abatement order was temporarily lifted in
January 2003, and the cases were subsequently consolidated.  Both parties then moved for summary judgment
on the election of remedies issue in the consolidated cases.  The trial court granted Sonic=s motion, and in its final order,[6]
awarded Sonic $78,023.89 under section 409.009, reversed the appeals panel=s decision on whether Cochran had
made an election of remedies and on Sonic=s entitlement to reimbursement, and
denied TMI=s summary judgment motion.  TMI appeals the trial court=s judgment. 








On
October 23, 2003, prior to Sonic=s moving for summary judgment, the
trial court granted TMI=s[7]
request to again abate Sonic=s contract claims. 
Sonic=s contract claims have been abated
since that date.[8]  The trial court=s abatement orders are the subject of
Sonic=s mandamus petition.  

II.  Discussion

In its
appeal, TMI presents two issues for our review: (1) whether section 406.075
applies to bar Cochran=s pursuit of remedies under the TWCA; and (2) if so, is
Sonic, as Cochran=s subclaimant, barred from seeking reimbursement under
section 409.009.  Tex. Lab. Code Ann. ' 409.009 (Vernon 2006).    

In its
mandamus petition, Sonic argues that continued abatement of its contract claims
is an abuse of discretion because there is no authority to support abatement,
and the orders are a violation of the Open Courts provision of the Texas Constitution.  See Tex.
Const. Art. I, ' 13.  We begin with the
appeal. 

A.        TMI=s Appeal

TMI
argues the trial court erred in granting summary judgment to Sonic on the
reimbursement claim because section 406.075 bars Cochran=s recovery of benefits under the TWCA
and, as Cochran=s subclaimant, Sonic is likewise barred from recovering under
that statute.  In response, Sonic
contends that section 406.075 does not apply in this case because the
compensation payments to Cochran were voluntary and were made prior to his
receipt of the Alabama judgment.  Sonic
asserts it is entitled to recover the benefits from TMI because it satisfied
the provisions of section 409.009.








Section
406.075(a) provides that an employee who elects to pursue his remedy under the
workers= compensation laws of another
jurisdiction, and who recovers benefits under those laws, may not recover under
the TWCA.  Tex. Lab. Code Ann. ' 406.075(a) (Vernon 2006).  Under section 409.009 of the Labor Code, a
person may file a claim with the TWCC as a subclaimant if that person has:

(1) provided compensation, including health care provided by a health
care insurer, directly or indirectly, to or for an employee or legal beneficiary;  and   

(2) sought and been refused reimbursement from the insurance carrier. 

Id. ' 409.009.

1.         Summary Judgment Motions 

In the
trial court, Sonic argued in its summary judgment motion that the appeals panel
erred because section 409.009 does not require a finding that benefits are due
under the laws of Texas, and there was no election of remedies until Cochran
received the Alabama judgment on July 13, 2001.[9]  Sonic claimed that Cochran was compelled to
pursue his benefits in Alabama due to TMI=s continued denial of his claim, and
that section 406.075 had not been satisfied at the time payments were made
because no remedy was obtained in Alabama until the judgment was entered.    








TMI
argued in its summary judgment motion that Sonic=s claim for reimbursement under the
TWCA was barred because Cochran=s recovery was barred. 
TMI reasoned that, as Cochran=s subclaimant, once Cochran recovered
the Alabama judgment, Sonic was also barred from receiving benefits under the
TWCA.  Further, TMI asserted (1) the
Alabama judgment expressly stated that both Cochran and Sonic were subject to
Alabama=s workers= compensation laws and therefore,
adjudicated the issue as to which jurisdiction=s laws applied; and (2) a double
recovery would occur if Sonic received reimbursement because Sonic received
credit for the voluntary payments in the Alabama judgment.  

As
noted, the trial court granted Sonic=s summary judgment motion, awarding
$78,023.89 for reimbursement of the voluntary payments made prior to July 13,
2001, and stated that, as a matter of law, Sonic=s Aclaim for reimbursement under
[section 409.009] is not barred by [section 406.075] as it relates to [Sonic=s] claims for reimbursement of
payments made to or on behalf of [Cochran] prior to@ the Alabama judgment.[10]  

2.         Standard of Review 

When
both parties move for summary judgment on the same issues and the trial court
grants one motion and denies the other, a reviewing court examines the summary
judgment evidence presented by both sides, determines all questions presented,
and if reversing, renders such judgment as the trial court should have
rendered.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); see Johnston v. Crook, 93
S.W.3d 263, 267 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  To prevail on a motion for summary judgment,
the movant must establish that there is no genuine issue as to any material
fact and he is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, indulge every reasonable inference and resolve any doubts in his
favor.  Dorsett, 164 S.W.3d at
661. 

3.         TWCC Proceedings








The
parties= arguments in the judicial review
case have evolved somewhat over the course of the proceedings.  However, section 410.302 of the Labor Code
provides that a trial court is limited to reviewing only those issues decided
by the appeals panel.  Tex. Lab. Code Ann. ' 410.302(b) (Vernon 2006); Ins.
Co. of Pa. v. Hartford Underwriters Ins. Co., 164 S.W.3d 747, 749 (Tex.
App.CHouston [14th Dist.] 2005, no
pet.).  Further, a delineation of the
matters at issue in the judicial review case facilitates our disposition of
Sonic=s mandamus petition.  Therefore, we set out the issues addressed in
the TWCC proceedings.

In his
conclusions of law, the hearing officer determined that (1) Cochran sustained a
compensable injury while working in Alabama, (2) he was Sonic=s employee at that time, (3) Cochran
was entitled to all rights and remedies under the TWCA, (4) Sonic timely filed
notice of Cochran=s injury under the Labor Code, but (5) because Cochran
elected to Apursue a remedy and recover
compensation@ under Alabama=s workers= compensation laws, he was barred
from recovery under the TWCA; consequently, (6) Sonic was not entitled to
reimbursement from TMI under the TWCA for compensation and medical payments
made to Cochran.  Sonic appealed only the
last two determinations:  Cochran=s election of remedies and its right
to reimbursement.  Because the hearing
officer=s remaining conclusions were not
appealed, they are final and establish that Cochran was Sonic=s employee at the time of the
accident and he suffered a compensable injury. 
See Tex. Lab. Code Ann.
' 410.169 (AA decision of a hearing officer
regarding benefits is final in the absence of a timely appeal by a party . . .
.@). 
In affirming the hearing officer=s decision, the appeals panel noted
that it was undisputed Cochran did in fact receive workers= compensation benefits under Alabama=s workers= compensation laws and, as a
subrogation claim, Sonic was not entitled to reimbursement. 

4.         Analysis








There
are no disputed facts in this case.  At
this point, there is no dispute that (1) when Cochran received the Alabama
judgment on July 13, 2001, for purposes of section 406.075, he Aelected@ to recover benefits under Alabama=s workers= compensation laws;[11]
(2) Cochran did in fact receive benefits under Alabama=s laws; (3) Sonic filed its claim for
reimbursement under the TWCA on July 17, 2001; and (4) Sonic sought
reimbursement as Cochran=s subclaimant.  In
light of these undisputed circumstances, the question before us in this appeal
is a narrow one:  if a claimant is barred
from recovering benefits under the TWCA due to his election to pursue and
recover benefits under the laws of another state, is that claimant=s subclaimant barred from receiving
reimbursement under section 409.009 after the claimant=s Aelection@ has occurred?  This question was answered affirmatively in
the TWCC proceedings.  

The
Labor Code provides for a modified de novo review of appeals panel decisions on
issues of A>compensability or eligibility for or
the amount of income or death benefits.=@ 
Nat=l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000)
(quoting Rodriguez v. Serv. Lloyds Ins. Co., 997 S.W.2d 248, 253 (Tex.
1999)).  Generally, a trial court is
required to give consideration to the appeals panel=s
decision.   Tex. Lab. Code Ann. ' 410.304(b); St. Paul Ins. Co. v.
Mefford, 994 S.W.2d 715, 719 (Tex. App.CDallas 1999, pet. denied).  A question of statutory interpretation,
however, is a question of law and the administrative determination of a
question of law is not entitled to a presumption of validity.  Sonic Drive-In of Raymondville v.
Hernandez, 797 S.W.2d 254, 256 (Tex. App.CCorpus Christi 1990, writ
denied).  Neither a district court nor an
appellate court is bound by an administrative agency=s construction of one of its
statutes.[12]  Id. 









We
construe statutory provisions to ascertain and effectuate legislative intent,
and we ascertain that intent by first looking to the plain and common meaning
of the statute=s words.  See Powell v. Stover, 165 S.W.3d 322,
326 (Tex. 2005); Tex. Dep=t of Protective & Regulatory
Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 176 (Tex. 2004).  We must also view a statute=s terms in context and give them full
effect.  Liberty Mut. Ins. Co. v.
Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998); see also Tex. Gov=t Code Ann. ' 311.011(a) (Vernon 2005) (AWords and phrases shall be read in
context and construed according to the rules of grammar and common usage@). 
When examining the provisions within the TWCA, we should keep in mind
the comprehensive nature of the Act.  See
In re Tyler Asphalt & Gravel Co., Inc., 107 S.W.3d 832, 840 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding) (noting that because of the comprehensive and exclusive nature of
the TWCA, it must be read as a whole).  

In this
case, by its plain language, section 406.075(a) bars an injured employee from
recovering benefits under the TWCA if he pursues and recovers benefits under
the workers= compensation laws of another
jurisdiction.  Sonic acknowledged in its
summary judgment motion that Cochran received benefits under Alabama=s workers= compensation laws on July 13, 2001,
the date he received the Alabama judgment, and at that point, Aelected@ to pursue his remedies under that
state=s laws for purposes of section
406.075.  Sonic argued however that
section 406.075 did not apply because Cochran had not elected to pursue his
remedies under Alabama=s laws at the time the voluntary payments were made.  But, given that Cochran was in fact barred
from receiving benefits under the TWCA at the time Sonic pursued reimbursement
as Cochran=s subclaimant, it begs the
question:  why, if Cochran was barred
from recovering benefits under the TWCA, would Sonic=s Asubclaim@ survive  that election?  This was the issue decided in the TWCC
proceedings.  








Sonic
did not provide the trial court, or this Court, with authority to support its
contention that its ability to recover benefits under the TWCA as a subclaimant
survived Cochran=s election and recovery of benefits under Alabama=s laws.  In the trial court, Sonic argued it is
entitled to reimbursement simply because the requirements of section 409.009
have been satisfied, suggesting its ability to recover reimbursement under the
TWCA is independent of Cochran=s ability to recover benefits.  However, a derivative claim under the TWCA is
not independent of the employee=s claim.  See Franks
v. Sematech, Inc., 936 S.W.2d 959, 960 (Tex. 1997) (examining a carrier=s subrogation claim, stating A[t]here is but one cause of action
for an employee=s injuries, and it belongs to the employee.@). 
It follows that, as a subclaimant, Sonic=s ability to recover reimbursement
under the TWCA should be coextensive with Cochran=s ability to recover benefits.[13]  Cf. id. (reasoning that a carrier who
asserts a subrogation claim asserts a claim that belongs to the employee).

Sonic=s argument also ignores the plain
language of section 409.009.  Fulfilling
the requirements of that section merely allows a party to seek reimbursement as
a Asubclaimant.@ 
That term is not specifically defined in the TWCA, but denotes that
reimbursement is derivative of the claimant=s ability to recover benefits.[14]  Also, a subclaimant may seek reimbursement
under section 409.009 if he has provided Acompensation payable@ under the TWCA.  Tex.
Lab. Code Ann. ' 409.009.  ACompensation@ is defined as payment of benefits,
and Abenefit@ is defined in relation to a Acompensable injury.@ 
Tex. Lab. Code Ann. ' 401.011(5), (10) (Vernon 1996).[15]  When read in full, reimbursement is limited
to payments made pursuant to the claimant=s ability to fall within the purview
of the TWCA; in other words, the subclaimant=s reimbursement is contingent upon
the injured employee=s ability to receive benefits under the statute.  Sonic=s arguments to the contrary are not
persuasive.   








Beginning
with Sonic=s argument that it is entitled to
reimbursement under section 409.009 because the voluntary payments were made prior
to Cochran=s election to recover benefits under
Alabama=s laws, although Sonic=s payments preceded the Alabama
judgment, this does not necessitate the conclusion that Sonic is therefore
entitled to seek benefits under the TWCA after Cochran was barred from
receiving benefits.[16]  Under section 406.075, Cochran was barred
from recovering benefits under the TWCA when Sonic pursued reimbursement under
section 409.009 as Cochran=s subclaimant.

Sonic
also argues that it could not seek reimbursement under section 409.009 until
Cochran received the Alabama judgment, at which point it was able to calculate
the amount to be reimbursed.  Again,
however, that fact does not necessitate the conclusion that Sonic=s derivative claim survived Cochran=s election.  Cf. Guillot v. Hix, 838 S.W.2d 230,
234B35 (Tex. 1992) (concluding there is
no reason to defer accrual of a carrier=s subrogation claim until the
employee=s right to compensation is
determined).  Section 409.009 does not
require that a subclaimant seek reimbursement only after the employee=s claim is finally determined.  Cochran=s injury occurred in 1997, and he
recovered judgment against Sonic in 2001. 
Sonic contends its claim for reimbursement was refused by TMI in June
1997; however during the intervening years, prior to receipt of the Alabama
judgment, the record does not reflect that Sonic pursued any further recovery
under the TWCA.

5.         Conclusion 

Cochran
recovered benefits under Alabama=s workers= compensation laws, and section
406.075(a) applied to bar Cochran from receiving benefits under the TWCA.  As Sonic=s claim for reimbursement was as
Cochran=s subclaimant, once Cochran was
barred from receiving benefits under the TWCA, Sonic was similarly barred.  Sonic did not prove, as a matter of law, that
it was entitled to receive reimbursement benefits under the TWCA as a
subclaimant though Cochran, its claimant, was barred.  We therefore reverse the trial court=s judgment in favor of Sonic and
render judgment affirming the appeals panel=s decision.[17]









B.        Sonic=s Mandamus 

In its
mandamus petition, Sonic seeks relief from the trial court=s October 23, 2003 orders of
abatement.  See generally Tex. R. App. P. 52.3.  Sonic argues that the trial court=s continued abatement of its contract
claims is an abuse of discretion because there is no authority under the law to
support continued abatement, and the orders violate the Open Courts provision
of the Texas Constitution.  See Tex. Const. Art. I, ' 13. 
In response, TMI asserts that the contract claims are dependent on a
final decision in the judicial review case and judicial economy requires they
remain abated pending a final ruling on the reimbursement issue. 

1.         Standard of Review

To be
entitled to the requested mandamus relief, Sonic must show that the trial court=s order is a clear abuse of
discretion and it has no adequate remedy by appeal.  In re Ford Motor Co., 165 S.W.3d 315,
317 (Tex. 2005) (orig. proceeding); In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135B36 (Tex. 2004) (orig. proceeding).  A trial court abuses its discretion when it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law, or if it clearly fails to correctly analyze or apply
the law.  In re Ford Motor, 165
S.W.3d at 317; Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  To determine whether a
party has an adequate remedy by appeal, we balance jurisprudential
considerations implicating both public and private interests.  In re Prudential, 148 S.W.3d at 136.  When the benefits of mandamus review outweigh
the detriments, appellate courts must consider whether the appellate remedy is
adequate.  Id.       

2.         Abatement 









A trial
court=s decision to grant or deny a motion
to abate is within the court=s discretion.  See
Project Eng=g USA Corp. v. Gator Hawk, Inc., 833 S.W.2d 716, 724 (Tex. App.CHouston [1st Dist.] 1992, no writ); see
also Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985) (concluding that
abatement is an incidental ruling by the trial court not subject to mandamus
review).  There are exceptions, however,
to this general rule.  See, e.g., In
re Luby=s Cafeterias, Inc., 979 S.W.2d 813, 815 (Tex. App.CHouston [14th Dist.] 1998, orig.
proceeding) (noting exceptions); See also In re Sims, 88 S.W.3d 297, 306
(Tex. App.CSan Antonio 2002, orig. proceeding)
(concluding that an indefinite abatement was an abuse of the trial court=s discretion). 

3.         Sonic=s ArgumentsBAbuse of Discretion

The
trial court=s abatement orders state as follows:

[A]ll further proceedings relating to the Plaintiff=s causes of action for negligence,
gross negligence, violation of the Texas Deceptive Trade Practices Act [ADTPA@], breach of contract, and breach of
the duty of good faith and fair dealing in this cause are hereby ABATED AND
STAYED under the doctrine of primary jurisdiction until such time as the Court
may lift this abatement by written order rendered after the filing of a motion
to revive these causes of action and after the Court has conducted a hearing on
said motion. 

Sonic
acknowledges that abatement orders are ordinarily incidental rulings of the
court not subject to mandamus review. 
But Sonic argues that when extraordinary circumstances exist, this
general rule may not apply.  Sonic claims
extraordinary circumstances are present here because continued abatement
prevents it from pursuing remedies against real parties in interest and
violates the open courts provision of the Texas Constitution.  See Tex.
Const. Art. I, ' 13.  Sonic also
contends that the trial court has abused its discretion because there is no
authority to support continued abatement.








In Trapnell
v. Hunter, 785 S.W.2d 426, 429 (Tex. App.CCorpus Christi 1990, orig.
proceeding), the appellate court concluded, under different factual
circumstances, that the state court=s abatement orderBBand its refusal to lift the orderBBwas arbitrary and violated the
relators= rights under article 1 section 13 of
the Texas Constitution, stating A[w]hen the trial court sustains a
plea in abatement . . . the plaintiff is effectively denied any other method of
challenging the court=s action for an indefinite period of time . . . . Because a
trial judge may not arbitrarily halt trial proceedings, mandamus will lie to
compel a trial judge to proceed to trial and judgment in a case pending in his
court.@ 
Id. at 429.  Likewise, in Gebhardt
v. Gallardo, when the trial court severed and abated the relator=s negligence claim from an
alternative claim due to the real party=s assertion that he would lose his
Fifth Amendment right against self-incrimination if the negligence case went
forward, the appellate court concluded that an appeal is not an adequate remedy
where the ability to present a viable claim is Avitiated by a pretrial order.@ 
891 S.W.2d 327, 328, 332 (Tex. App.CSan Antonio 1995, orig.
proceeding).  The Gebhardt court
acknowledged that an abatement ruling is generally only an incidental one, but
noted the trial court should consider what effect, if any, abatement would have
on the relator=s ability to prosecute the remaining
claim.  Id. at 332.  The court determined the negligence claim was
vitiated by abatement because the relator was prohibited from preserving
testimony, stating A[a]s time goes on, memories will likely dim and evidence
become unavailable.@  Id.  The court also noted that abating a case
indefinitely violates the open courts provisions of the Texas
Constitution.  Id.  Relying on these cases, Sonic claims that
abatement of its contract claims goes to the heart of the litigation and its
ability to prosecute its causes of action because if the claims cannot go
forward, witnesses will disappear and memories will become impaired.  

4.         TMI=s Response

TMI
contends the cases relied on by Sonic are inapposite because a workers= compensation claim is at issue in
this case.  Relying primarily on American
Motorists Insurance Co. v. Fodge, 63 S.W.3d 801 (Tex. 2001), and In re
Tyler Asphalt & Gravel Co., 107 S.W.3d 832 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding), TMI argues that claims involving bad faith and negligence must be
abated pending a final resolution of prerequisite or related workers= compensation claims. 








In Fodge,
a workers= compensation claimant brought suit
against an insurer for breach of the duty of good faith and fair dealing,
negligence, fraud, and violations of the Insurance Code and the DTPA.  63 S.W.3d at 802B03. 
The trial court granted the insurer=s motion to dismiss, based on the
insurer=s argument that the claimant=s causes of action were under the
exclusive jurisdiction of the TWCC because they were all based on a denial of
compensation benefits.  The appellate
court reversed, however, holding that the claimant=s extra-contractual claims were
unrelated to the compensation claims.  Id.
at 803.  On review, the supreme court
parsed the claimant=s causes of action into three claims: (1) for compensation
benefits due under the insurance policy, (2) for damages caused by the insurer=s bad faith denial of benefits, and
(3) for damages caused by the insurer=s bad faith delay in handling the
claim and in making payments.  Id.  The supreme court concluded that the first
two claims involved issues within the exclusive jurisdiction of the TWCC
because both required a determination that benefits were in fact due to the
claimant.  Id. at 804.  However, the court concluded that the claims
related to the temporary income benefitsBBdelays in communication with the
claimant and in payment of the benefits, and an improper investigationBBwere properly before the trial court
and should not have been dismissed.  Id.
at 805. 

In Tyler,
another workers= compensation case, this Court determined that judicial
review is a part of the statutory process under the TWCA, and because the
viability of the negligence action there depended on whether the deceased
worker was within the course and scope of his employment at the time of his
death, an issue under the exclusive jurisdiction of the TWCC, abatement of the
negligence action pending a final determination in the judicial review case was
necessary.  107 S.W.3d at 836, 843. 

In
reply, Sonic argues that there is no issue of exclusive jurisdiction in this
case and therefore, Tyler does not apply.  Sonic asserts that its contract claims do not
rest on a final determination of the issue in the judicial review case, and
thus, there is no jurisdictional impediment to its contract claims going
forward.  Applying the analysis used by
the Fodge court, we examine Sonic=s contract claims in relation to the
judicial review claims.  See Fodge,
63 S.W.3d at 803.  

5.         Sonic=s Claims 








Sonic=s contract claims against real
parties consist of the following causes of action: (1) negligence and gross
negligence claims against TMI and Croix; (2) DTPA claims against Croix; (3)
breach of contract and breach of the duty of good faith and fair dealing
against TMI; and (4) declaratory relief. 
In its pleadings, Sonic claims TMI and Croix were negligent in failing
to properly acquire workers= compensation insurance coverage, and in failing to properly
investigate Cochran=s claims; Sonic is not asserting that the negligence of TMI
and Croix caused Cochran=s injuries.[18]


Sonic=s causes of action are similar to
those asserted in Fodge.  However,
in this case, the issues within the exclusive jurisdiction of the TWCC that are
possibly relevant to Sonic=s contract claims have been finally determinedBBthat is, Cochran was Sonic=s employee at the time he suffered
the compensable injury.  See Fodge,
63 S.W.3d at 803B04.  Further, Sonic=s pleadings reflect that its
negligence claims are independent of any workers= compensation remedies, and the
issues involved in the judicial review caseBBCochran=s election of remedies and Sonic=s reimbursement claim[19]BBare discrete matters from those
raised by Sonic=s contract claims.[20]  








Referring
to Sonic=s claims primarily as Abad faith@ claims, TMI argues that resolution
of the workers= compensation case is a Anecessary predicate@ to Sonic=s claims, asserting that if Sonic=s workers= compensation claim is barred, its
other claims are also barred.  But, under
the circumstances of this case, TMI=s assertion is incorrect.  While Sonic=s bad faith claims might be barred if
it was determined that Cochran was not Sonic=s employee or he did not suffer a
compensable injury,  those issues have
been finally determined.  See Fodge,
63 S.W.3d at 805; see generally Henry v. Dillard Dep=t Stores, Inc., 70 S.W.3d 808, 809 (Tex. 2002)
(stating that a court cannot determine compensability issues because they are
the exclusive province of the TWCC); Tyler, 107 S.W.3d at 843.  Here, Sonic=s contract claims do not depend on
the final determination of Cochran=s election of remedies under section
406.075 or Sonic=s right to reimbursement under section 409.009.  

The most
current abatement of Sonic=s contract claims began approximately twenty-nine months ago,
on October 23, 2003, based upon the doctrine of primary jurisdiction.  And, should Sonic pursue an appeal of our
ruling in the judicial review case, its ability to pursue the contract claims
will be further delayed, rendering it impossible to determine when abatement
will end.  Sonic is faced with a
difficult choice.  However, at this point
in the proceedings, the issues to be finally determined in the judicial review
case are not determinative of Sonic=s contract claims, and continued
abatement of the contract claims does not serve concerns raised in Fodge or
Tyler.  Therefore, we conclude the
trial court=s October 23, 2003 orders of
abatement are an abuse of discretion.  See
Gebhardt, 891 S.W.2d at 329B30.  It remains whether
Sonic has shown that it lacks an adequate remedy by appeal should the contract
claims remain abated.  

6.         Adequate Remedy by Appeal

Sonic
argues it has no adequate remedy by appeal because the Alabama judgment has
adverse consequences on its ability to operate. 
Sonic provided an affidavit stating it has lost three prospective buyers
due to the adverse judgment, and it is losing profits because it cannot
purchase needed equipment and training. 
Sonic contends that these losses will be increased because a final
resolution of the judicial review case can take several more years.  TMI argues that lost profits do not equate to
an inadequate appellate remedy.  








Balancing
jurisprudential considerations, both public and private, in determining whether
an adequate remedy by appeal exists, while we are mindful that abatement orders
are incidental rulings of the trial court and lost profits do not establish an
inadequate appellate remedy, it is also true that whether an appellate remedy
is adequate should be guided by general principles rather than simple rules; it
is not an abstract or formulaic determination and Adepends heavily on the circumstances
presented.@ 
In re Prudential, 148 S.W.3d at 136.  Mandamus review may be essential to preserve
important substantive and procedural rights from impairment or loss.  Id. 

In this
case, Sonic=s evidence shows it is suffering
financial burdens due to the Alabama judgment, the cost of which cannot be
remedied by appeal.  Also, as Sonic
argues, its ability to prosecute the contract claims is hindered by continued abatement,
because witnesses will disappear and memories will become impaired.  These are ramifications of continued
abatement that are not remedied by appeal. 
See Gebhardt, 891 S.W.2d at 332. 
Finally, it is impossible to determine when abatement will end in this
case.  Because abatement appears
indefinite, it violates the open courts provision of the Texas
Constitution.  Id.  We conclude that the benefits of mandamus
review of the trial court=s abatement orders in this case outweighs its detriments, and
Sonic lacks an adequate remedy by appeal. 


7.         Conclusion

The
trial court abated Sonic=s contract claims over two years ago based on the doctrine of
primary jurisdiction.  However, the
issues within the exclusive jurisdiction of the TWCC that may be determinative
of Sonic=s contract claims have been finally
determined, and continued abatement of the contract claims based on primary
jurisdiction is without support.  The
issues in the judicial review case are separate from Sonic=s contract claims and do not impact
Sonic=s ability to proceed with its
contract claims.  Continued abatement
unnecessarily denies Sonic the opportunity to pursue its remedies against real
parties for an indeterminable period of time and is an abuse of discretion for
which Sonic lacks an adequate remedy by appeal. 
Therefore, we conditionally grant Sonic=s petition for writ of mandamus.  We trust the trial court will lift abatement
of Sonic=s contract claims.  The writ will issue only if the trial court
fails to do so.

 

 








III.  Conclusion 

In conclusion, we hold that Sonic failed to establish as a
matter of law that it is entitled to recover reimbursement for benefits under
the TWCA as Cochran=s subclaimant when Cochran, the claimant, was barred from receiving
benefits under the statute.  Therefore,
in Cause No. 14-05-00111-CV, we reverse the trial court=s judgment in Sonic=s favor and render judgment affirming
the appeals panel=s decision.  And, for
the reasons set out above, we hold that continued abatement of Sonic=s contract claims is an abuse of
discretion, Sonic lacks an adequate appellate remedy, and therefore, in Cause
No. 14-05-00770-CV, we conditionally grant Sonic=s mandamus petition.                                             

 

 

 

/s/         Wanda M.
Fowler

Justice

 

 

 

 

Judgment rendered and Opinion filed June 8, 2006.

Panel consists of Justices Fowler, Edelman and Guzman.











[1]Sonic=s policy with TMI contained an AOther States Endorsement@ that
provided coverage for employees injured while working outside of Texas.  





[2]The Croix defendants are not a party to the appeal,
but are real parties in interest in the mandamus proceeding.    





[3]Specifically, the sum represents payments made to
Cochran from June 3, 1997 to July 6, 2001. 





[4]That provision bars an employee from recovering under
the TWCA if he has pursued and recovered benefits under the workers= compensation laws of another jurisdiction.  See Tex.
Lab. Code Ann. ' 406.075 (Vernon 2006).





[5]Though the panel affirmed the hearing officer=s decision, it amended the conclusions of law to
reflect that reimbursement of Texas benefits was precluded, but reimbursement
under Alabama law was not being addressed.    






[6]Following severance of the contract claims, the trial
court issued its final order in the judicial review case on January 27, 2005.





[7]The Croix defendants also requested abatement of Sonic=s contract claims. 
When discussing abatement in the mandamus proceeding, we refer to TMI
and the Croix defendants collectively as real parties. 





[8]On February 10, 2004, Sonic filed a second motion to
lift abatement of its contract claims. 
The trial court did not grant the motion.  On March 8, 2004, Sonic filed a third motion
to lift the abatement, which was denied by the trial court on May 24.  Sonic filed a renewed motion to lift the
abatement on November 1, 2004.  The
record does not indicate that the trial court ruled on Sonic=s renewed motion. 






[9]Sonic also argued in its motion that the common law
election of remedies doctrine was abrogated by section 409.009 and was no
longer Aa viable affirmative defense to the pursuit of a
workers= compensation claim,@
citing  Valley Forge Insurance Co. v.
Austin, 65 S.W.3d 371, 372B73 (Tex. App.CDallas
2001), aff=d in part,
105 S.W.3d 609 (Tex. 2003) (per curiam). 
However, at this point both parties agree that the common law election
of remedies doctrine does not apply in this case and therefore, we do not
address the doctrine.  





[10]Sonic had filed a no-evidence summary judgment motion,
which the trial court also denied in its order. 
There are no issues raised concerning the court=s denial of that summary judgment motion.





[11]Moreover, as the hearing officer noted, although
acceptance of benefits may not necessarily constitute an election, as is
evidenced by section 406.075(b), Athe law
appears settled@ that when a claimant takes action to pursue benefits
in another jurisdiction and has Afinalized@ his claim and accepted benefits, he Ahas made an election as that term is used under
section 406.075(a).@ 





[12]AThe construction given to a statute by the
administrative agency charged with its execution is entitled to serious
consideration if it is reasonable, consistent with the Legislature=s intent, and does not contradict the plain language
of the statute.@  Ins. Co. of
Pa. v. Moore, 43 S.W.3d 77, 81B82  (Tex. App.CFort
Worth 2001, no pet.) (citing Tex. Gov=t Code Ann. ' 311.023(6) (Vernon 1998) and Tex. Water Comm=n v. Brushy Creek Mun. Util. Dist., 917 S.W.2d 19, 21 (Tex. 1996)).     





[13]Further, it does not appear from the record that Sonic
ever asserted in the TWCC proceedings that it was entitled to recover
reimbursement benefits under the TWCA independently of Cochran=s election under 406.075.  The record reflects that Sonic primarily
argued Cochran=s pursuit of benefits under Alabama=s laws was not an Aelection.@  Also, neither
party raised any issues in the TWCC proceedings regarding Sonic=s pursuit of benefits as a Asubclaimant@ or the
import of that designation.   





[14]The prefix Asub@ is defined as Aunder;
upon.@  Black=s Law Dictionary 1464 (8th ed. 1999).





[15]A subclaimant=s
ability to seek reimbursement has been defined in relation to compensation
since the provision was enacted.  See Act
of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, 1989 Tex. Gen. Laws 1, 5 (Tex. Rev. Civ. Stat. Ann. Art.
8308-1.03(44), amended 1993) (currently codified at Tex. Lab. Code Ann. ' 409.009
(Vernon 2006)). 





[16]Whether Sonic could recover for its payments had it
sought reimbursement under the TWCA prior to Cochran=s receipt of the judgment was not an issue in the TWCC
proceedings.  





[17]We are not deciding whether Sonic has other remedies
against TMI for the voluntary compensation it paid to Cochran. 





[18]TMI cites to In re Louisiana-Pacific Corp., 112
S.W.3d 185 (Tex. App.CBeaumont 2003, orig. proceeding), in support of its
argument that negligence claims must be abated pending a resolution of workers= compensation claims. 
In that case, however, the worker was alleging the employer=s negligence resulted in his injury.  Id. at 187.  Under the TWCA, that negligence claim is
barred by the exclusivity provision.  Id.
at 189.  However, this is not the posture
of Sonic=s contract claims.           





[19]Notably, the appeals panel stated in its decision that
the terms of the insurance policy indicated TMI was required to reimburse Sonic
under the circumstances, but stated A[i]n any
case, the hearings system of the Commission is not a general court of law with
the jurisdiction to adjudicate contract liability.@ 





[20]Should Sonic choose to pursue reimbursement of the
voluntary payments through its contract claims, because discovery has been
conducted on the reimbursement issue, continued abatement does not serve the
interests of judicial economy.