**SONIC DRIVE–IN OF RAYMOND-VILLE, TEXAS, INC. and Texas Employment Commission, Appellants,**

v.

**Jorge S. HERNANDEZ, Appellee.**

**No. 13–89–295–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 4, 1990.

Clifton E. Slaton, Rebecca Pool, Atlas & Hall, McAllen, Bill Kimbrough, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Mary F. Keller, First Atty. Gen. for Litigation, Lou McCreary, Executive Asst. Atty. Gen., and Harriet D. Burke, Asst. Atty. Gen., Chief, Taxation Div., Austin, for appellants.

Pedro S. Cruz, Texas Rural Legal Aid, Inc., Harlingen, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellants, Sonic Drive–In of Raymondville, Texas, Inc. (Sonic) and the Texas Employment Commission (TEC), appeal from a summary judgment. Appellee, Jorge Hernandez, filed suit in the district court seeking judicial review of a decision of the TEC. After finding that the TEC wrongfully granted Sonic a new hearing, the district court granted summary judgment for Hernandez. The TEC and Sonic, by seven and two points of error, respectively, claim that because the TEC's appeal tribunal properly granted a new hearing, the district court erred when it entered summary judgment

for Hernandez. We modify the district court's judgment.

In July of 1986, Hernandez filed a claim for unemployment benefits. The claim was denied, and Hernandez appealed. On October 10, 1986, a hearing was held before the TEC appeal tribunal. Sonic's president submitted an affidavit to the tribunal in which he presented his version of the incidents leading to Hernandez' unemployment. No Sonic representative personally appeared at the hearing. On October 14, 1986, after finding that Hernandez did not leave his employment voluntarily, the tribunal awarded unemployment benefits to him. Thereafter, Sonic requested and was granted a new hearing before the tribunal in which the tribunal reversed its earlier decision and denied benefits to Hernandez.

The TEC's rule regarding the granting of a new hearing provides, in relevant part:

Any party to the appeal *who fails to appear* at a hearing may within 14 days from the date the decision is mailed, petition for a new hearing before the appeal tribunal. Such petition shall be granted if it appears to the appeal tribunal that the petitioner has shown good cause for his failure to appear at the hearing.

Texas Employment Comm'n, 40 Tex.Admin. Code § 301.16(5)(B) (West Jan. 2, 1989) (emphasis ours) (hereinafter Rule 16).

Because a party must fail to appear at the first hearing to petition for a new hearing, the dispositive issue in this case is whether Sonic's affidavit constitutes an appearance before the TEC appeal tribunal. By granting summary judgment, the district court held that the affidavit constituted an appearance, and as a result, the tribunal could not properly grant a new hearing under Rule 16.

This appeal concerns solely the interpretation of an administrative rule. It is a question of law, pure and simple. It is not, as appellants argue, a question of fact.

The substantial evidence rule is not the appropriate standard of review for a question of law. *See Railroad Comm'n v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022, 1029–30 (1942). When the interpreta-

**256** ■ ▬▬▬▬▬▬▬▬▬▬▬▬

tion of an agency's regulation forms the basis of an appellate complaint, the proper standard of review is abuse of authority. *See Dallas Transit Sys. v. Mann,* 750 S.W.2d 287, 291 (Tex.App.—Dallas 1988, no writ). Moreover, an administrative determination of a question of law is not entitled to a presumption of validity, and neither a district court nor an appellate court is bound by an administrative agency's construction of one of its statutes. *Teacher Retirement Sys. of Tex. v. Cottrell,* 583 S.W.2d 928, 930 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). Even though not binding upon the courts, an interpretation of a regulation by the agency charged with its enforcement is entitled to weight. *Calvert v. Kadane,* 427 S.W.2d 605, 608 (Tex. 1968); *Lloyd A. Fry Roofing Co. v. State,* 541 S.W.2d 639, 644 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

■ The TEC's interpretation of Rule 16 is reflected by the following: (1) instructions contained in the TEC's notice of hearing; (2) several excerpts from the appeal referee's handbook, and (3) the affidavit of Daniel Kahanek, Assistant Administrator for the TEC.

Contained in the TEC's "INSTRUCTIONS FOR ALL HEARINGS" is the following statement regarding affidavits (emphasis ours):

> If you or one of your witnesses cannot personally appear, *it is possible for you to submit a sworn written statement of the facts in place of a personal appearance....* Be aware, however, that sworn written statements are a very poor substitute for a witness' personal participation in the hearing. Generally, such statements cannot be given much weight especially when they are contradicted by the opposing party's firsthand testimony under oath. The affidavit must be mailed to the Referee at the Commission office where the hearing is scheduled in time for it to reach the Referee no later than the day before the hearing or may be presented to the Referee at the hearing.

Sections of *The Referee's Handbook,* cited by both the TEC (in its response to summary judgment) and Hernandez (in his appellate brief), provide additional insight into the TEC's interpretation:

> In cases where one party has *appeared at the hearing by affidavit* and there is a direct conflict between the information in the affidavit and the testimony of the party who appeared in person and this information is material to the appeal decision, the referee should make a decision based on the testimony and evidence at hand rather than reset the hearing.

*The Referee's Handbook,* Chapter III, § 310.3 (emphasis ours).

> [O]ccasionally, a document will be received which purports to be an affidavit but which lacks some of the necessary requisites of an affidavit. It may not be signed by the affiant or by the notary, or it may not bear the notary's seal. *Such a document can, if furnished in response to a notice to appear for hearing, be used as an appearance by the party furnishing it* but it should be given no more weight than the usual written but unattested document.

*Id.* at Chapter IV, § 406.3 (emphasis ours). Both provisions indicate the TEC's apparent recognition that an "appearance" may be made through an affidavit. The only evidence contradicting this interpretation is provided by the affidavit of Daniel Kahanek in which he states:

> That on September 2, 1987, the undersigned was present at the Commission's Benefit Docket Meeting and that present were Chairman Nancy Barnes, Commissioner Mary Scott Nabers and Commissioner Ronald E. Luna. The three Commissioners voted on a motion interpreting the language 'failure to appear at the hearing' to be found in Commission Rule 40 TAC § 301.16(5)(B) as follows:
>
> > If a party fails to appear for a hearing but sends a representative, the presence of the representative will not count as an appearance (for 40 TAC § 301.16(5)(B) reopening purposes) unless the representative participates in the hearing after being advised of the consequences by the referee. Participation includes testifying or cross-ex-

amination but does not include submitting documents (including affidavits).

Initially, we note that this meeting and resulting statement of the TEC's interpretation of Rule 16 occurred almost one year *after* the tribunal's second hearing and six weeks *after* Hernandez filed his petition in the district court. We accredit this interpretation of Rule 16 little weight, as it appears to be nothing more than a self-serving statement made after the fact in an attempt to influence a later judicial interpretation of Rule 16.

We find that the TEC's own interpretation of Rule 16, as reflected by its instructions and referee's handbook, indicates that by presenting an affidavit to the appeal tribunal, a party has made an appearance. Because an agency is bound to follow its own rules and procedures (*see Southern Clay Prod., Inc. v. Bullock*, 753 S.W.2d 781, 783 (Tex.App.—Austin 1988, no writ), we hold that the TEC committed a clear abuse of its authority by granting Sonic a new hearing under Rule 16.

■ Moreover, we find that such an interpretation of Rule 16 is reasonable. Appellants disagree, however, arguing that due process requires a personal appearance so that the party is given a meaningful opportunity to be heard. We obviously concur with appellants insofar as they assert that a party should be afforded its due process rights. Nonetheless, under Tex.R. Civ.P. 121, the filing of a written response constitutes an appearance. While we acknowledge that the Texas Rules of Civil Procedure do not necessarily apply to administrative proceedings (*see Cavazos v. Texas Employers Ins. Ass'n.*, 631 S.W.2d 196, 197 (Tex.App.—Corpus Christi 1982, no writ), the same due process concerns comprise the foundation for both sets of rules. Sonic's first and second points of error and the TEC's first, second, third, and fifth points are overruled.[1]

By the TEC's fourth and sixth points of error, it contends: (1) that the Employment Commission has the discretion, apart from any rule, to reopen the tribunal hearing (*see* Tex.Rev.Civ.Stat.Ann. art. 5221b–4(e) (Vernon 1987)), and (2) that Sonic requested, in the alternative to a new hearing before the appeal tribunal, a review by the Employment Commission itself. We decline to address either of these contentions because they are irrelevant. First, the tribunal granted a new hearing pursuant to Rule 16; the Commission did not reopen the tribunal hearing by exercising any of its article 5221b–4(e) "discretionary" powers. Second, Sonic was granted a new hearing by the appeal tribunal; the Commission, in point of fact, has not reviewed the appeal tribunal's first decision. Points four and six are overruled.

■ In a related point of error, the TEC's seventh, it contends that the trial court erred by including in its judgment an order directing the Commission to review the tribunal's first decision by the substantial evidence rule *if Sonic chooses to appeal the tribunal's decision to the Commission.* A district court's authority to review actions of the TEC is provided by statute. *See* Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (Vernon Supp.1990). The court is authorized to review actions *taken* by the TEC. Because Sonic has not yet appealed to the Commission, the Commission has not applied an inappropriate standard of review. Therefore, the issue is not justiciable. The district court's order is, at best, premature. The TEC's seventh point is sustained, and the judgment is modified to delete this order.

The district court's judgment, as MODIFIED, is AFFIRMED.

---

**1.** *Cf. Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952 (Tex.1990) (in which the Court recognizes that a party may make an appearance by affidavit at a protest hearing conducted by an administrative agency, a tax appraisal board).