**THE INSURANCE COMPANY OF THE STATE OF PENNSYL-VANIA, Appellant**

v.

**HARTFORD UNDERWRITERS INSURANCE COMPANY, Appellee.**

No. 14–03–01023–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 10, 2005.

Christopher M. Losey and Paul Raymond Clevenger, Dallas, for appellants.

Dean G. Pappas, Mary Markantonis, Houston, and Kevin Heyburn, Austin, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

This is an appeal from a summary judgment. Appellant The Insurance Company of the State of Pennsylvania ("ICSP") argues in four issues that the trial court erred in granting summary judgment in favor of appellee Hartford Underwriters Insurance Company ("Hartford") and in overruling ICSP's motion for summary judgment. We reverse and render judgment in favor of ICSP.

### FACTUAL AND PROCEDURAL BACKGROUND

Tomasa Serpas worked for Tandem Staffing ("Tandem"), a temporary staffing agency. Tandem assigned Serpas to work at an Igloo Products Corporation ("Igloo") facility, where Serpas sustained a serious injury on January 5, 1999. ICSP provides workers' compensation insurance to Igloo, and Hartford is the workers' compensation carrier for Tandem. Hartford received notice of Serpas's injury on the day it occurred and began paying workers' compensation benefits to Serpas less than a week later. Hartford has continued to pay workers' compensation benefits to Serpas.

In May of 2000, Serpas sued Igloo, which moved for and was granted summary judgment. Igloo successfully argued that as an employee, Serpas's exclusive remedy was through the workers' compensation scheme. Hartford then filed a notice of disputed claim with the Texas Workers' Compensation Commission for the first time; this occurred more than three years after the injury. Hartford argued there was newly discovered evidence that Igloo was Serpas's employer under the borrowed servant doctrine.

A contested case hearing was held, and the hearings division of the commission considered (1) whether Tandem or Igloo was Serpas's employer for workers' compensation purposes at the time of the injury and (2) whether Hartford waived its right to contest compensability under section 409.021(c) of the Texas Labor Code. See TEX. LAB.CODE ANN. § 409.021(c) (Vernon 1996). The hearing officer determined that Tandem and Igloo were co-employers and that Hartford had waived its right to contest compensability by waiting more than sixty days to dispute the claim. See id. Hartford appealed, and an appeals panel for the commission affirmed the hearing officer's decision and clarified that Hartford was solely responsible for payment of benefits because it had waived its right to contest compensability.

Hartford again appealed, this time at the district court level. Hartford argued only that it had not waived the right to contest compensability; it did not appeal the co-employer finding. Both Hartford and ICSP filed motions for summary judgment. The district court granted Hartford's motion, impliedly finding that Hartford had not waived its right to contest compensability by ordering Hartford and ICSP to each pay fifty percent of Serpas's workers' compensation benefits. ICSP now brings this appeal from the trial court's grant of summary judgment and asks this court to reverse and render judgment in ICSP's favor by concluding that Hartford waived its right to contest compensability and is therefore solely responsible for the payment of benefits.

### DISCUSSION

▮ When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. Comm'rs Court v. Agan, 940 S.W.2d 77, 81 (Tex.1997). The reviewing court should

then render the judgment the trial court should have rendered. *Id.*

■ As stated above, Hartford sought judicial review of the appeals panel decision. Under section 410.302 of the Labor Code, a trial court is limited to reviewing only those issues decided by the appeals panel. TEX. LAB.CODE ANN. § 410.302 (Vernon 1996). The appeals panel resolved two issues and made the following conclusions: (1) Tandem and Igloo were co-employers for workers' compensation purposes and (2) Hartford had waived its right to contest compensability. Hartford stated in its motion for summary judgment that the co-employer finding was not being contested; accordingly, the only contested issue before the trial court was whether Hartford had waived its right to contest compensability. In its order granting Hartford's motion for summary judgment, the trial court (1) affirmed the uncontested co-employer finding and (2) reversed the finding that Hartford was solely liable for payment of benefits, thus implicitly holding Hartford had not waived its right to contest compensability. The trial court also ordered each party to pay fifty percent of the workers' compensation benefits. Because the only contested issue is whether Hartford waived its right to contest compensability, that is the sole issue for our review. *See id.*

Section 409.021(c) of the Labor Code provides that "[i]f an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability."

TEX. LAB.CODE ANN. § 409.021(c). It is undisputed in this case that Hartford began paying benefits within a week of learning of the injury and did not file a standard form Notice of Refusal/Disputed Claim with the Workers' Compensation Commission for more than three years after the injury. Because Hartford failed to contest compensability within sixty days of notification, we hold that under the plain language of section 409.021(c), Hartford has waived its right to contest compensability.

■ Hartford argues that section 409.021(c) does not apply to this case because it is a coverage dispute, not a compensability dispute. We disagree.[1] Rule 124.3 of the Texas Administrative Code, enacted by the Texas Workers' Compensation Commission, provides that a carrier must contest compensability within sixty days in both compensability disputes and liability disputes. *See* 28 TEX. ADMIN. CODE § 124.3 (2004) (Tex. Workers' Comp. Comm'n, Investigation of an Injury and Notice of Denial/Dispute). Valid rules and regulations promulgated by an administrative agency acting within its statutory authority have the force and effect of legislation. *Lewis v. Jacksonville Bldg. & Loan Ass'n,* 540 S.W.2d 307, 310 (Tex.1976).

■ Subsection (a) of rule 124.3 provides in relevant part that "[i]f the carrier believes that it is *not liable* for the injury or that the injury was not compensable, the carrier shall file the notice of denial of a claim (notice of denial) in the form and manner required by § 124.2 of this title."

---

1. Hartford's sole authority, *Houston General Insurance Co. v. Association Casualty Insurance Co.,* 977 S.W.2d 634 (Tex.App.-Tyler 1998, no pet.), for the proposition that section 409.021(c) does not apply is distinguishable from the instant case. In *Houston General,* the dispute was which of two carriers provided insurance coverage on the day the injury to the worker occurred. Here, it is undisputed that both ICSP and Hartford provided coverage to their respective insureds on the day of Serpas's injury; the initial dispute was which of those insureds was the employer, not which carrier provided insurance coverage.

◼ ▬▬▬▬▬▬▬▬▬▬

28 TEX. ADMIN. CODE § 124.3(a) (emphasis added). Subsections (b) and (c) address time limits for contesting compensability:

> (b) Except as provided by subsection (c), the carrier waives the right to contest compensability of *or liability for* the injury, if it does not contest compensability on or before the 60th day after the date on which the insurance carrier receives written notice of the injury.

> (c) If the carrier wants to deny compensability of or liability for the injury after the 60th day after it received notice of the injury:

>> (1) the carrier must establish that it is basing its denial on evidence that could not have reasonably been discovered earlier; and

>> (2) the carrier is liable for and shall pay all benefits that were payable prior to and after filing the notice of denial until the Commission has made a finding that the evidence could not have been reasonably discovered earlier.

*Id.* § 124.3(b)-(c) (emphasis added). Under rule 124.3, a carrier waives its right to contest the compensability of the injury or its liability for the injury if it has not contested compensability within sixty days. *Id.* Because Hartford did not contest compensability within sixty days of receiving notice of the injury, it has waived its right to contest not only the compensability of the injury but its liability for the injury.[2]

There are also two appeals panel decisions, cited in the hearing officer's decision in this case, that contain similar facts to the instant case, and both decisions expressly apply section 409.021(c). In each case, the appeals panel held that in a co-employer arrangement where each employer has its own insurance carrier, a carrier that begins payments and does not contest compensability within section 409.021(c)'s sixty-day period waives its right to contest compensability. *See* Tex. Workers' Comp. Comm'n, Appeal No. 011605, 2001 WL 1344379, at *2 (Aug. 29, 2001); Tex. Workers' Comp. Comm'n, Appeal No. 970411, 1997 WL 33482402, at *2–4 (1997). Though we are not bound by these decisions, we find them instructive in holding that Hartford has waived its right to contest compensability. *See Houston Gen. Ins. Co. v. Ass'n Cas. Ins. Co.,* 977 S.W.2d 634, 636 (Tex.App.-Tyler 1998, no pet.) (noting that administrative decisions, while not binding, are entitled to substantial weight).

The judgment of the trial court is reversed. We render judgment that Hartford has waived its right to contest compensability and is therefore solely responsible for payment of benefits.[3]

---

**2.** Hartford also suggested at oral argument that under its theory that section 409.021(c) does not apply to coverage disputes, there are no time limits restricting a carrier's ability to contest its liability for an injury. We *disagree.* By requiring carriers to either initiate benefits or give notice of their refusal within strict deadlines, the legislature "intended to provide employees with a prompt response to their benefit claims and to streamline the process to avoid early attorney involvement."

*Cont'l Cas. Co. v. Downs,* 81 S.W.3d 803, 806 (Tex.2002). Allowing carriers unlimited time to contest liability would contravene this intention.

**3.** Because we find that Hartford waived its right to contest compensability under section 409.021(c) of the Texas Labor Code, we need not address ICSP's third and fourth points of error.