TEXAS MUTUAL INSURANCE CO.,
f/k/a Texas Workers' Compensation
Fund, Appellant,

v.

SONIC SYSTEMS INTERNATIONAL,
INC., Appellee.

In re Sonic Systems International,
Relator.

Nos. 14–05–00111–CV, 14–05–00770–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 8, 2006.

Supplemental Opinion Overruling
Rehearing Feb. 15, 2007.

Charles W. Hurd, David Andrew Baay, Hannah DeMarco Sibiski, Rick Lee Oldenettel, Staton Michael Childers, Willard Tinsley, Houston, Boyce C. Cabaniss, Mark A. Keeney, Jeff R. Boggess, Austin, for appellants/respondents.

Lance P. Olinde, Jr., Houston, Robert W. Higgason, Spring, for appellee's/relator.

Panel consists of Justices FOWLER, EDELMAN and GUZMAN.

## OPINION

WANDA M. FOWLER, Justice.

Two causes are before us, both stemming from a workers' compensation case in which a former employee of Sonic Systems International, Inc., a Texas corporation, was injured on the job while working in Alabama. Texas Mutual Insurance Co. ("TMI"), Sonic's workers' compensation carrier, denied coverage for the injury, and Sonic filed suit against TMI for breach of contract, breach of fiduciary duty, negligence and deceptive trade practices claims (the "contract claims"). Subsequently, Sonic also sought reimbursement under the Texas Workers' Compensation Act ("TWCA") for voluntary payments it made to the injured employee. In October 2003, Sonic's contract claims were abated pending a final resolution of the reimbursement claim.

After its reimbursement claim was denied under the TWCA, Sonic sought judicial review of that decision. The trial court rendered judgment in Sonic's favor, and TMI appeals the trial court's judgment (the "judicial review case") in Cause No. 14–05–00111–CV. Sonic's contract claims against TMI have remained abated since October 2003 and, in Cause No. 14–05–0770–CV, Sonic seeks a writ of mandamus ordering the trial court to lift abatement. We have consolidated the cases for purposes of this opinion.

The consolidated cases present the following issues: (1) whether Cochran's election to recover benefits under Alabama's workers' compensation laws bars Sonic's recovery as Cochran's subclaimant under the TWCA; and (2) whether the trial court acted appropriately by continuing to abate Sonic's contract claims pending a final determination of the reimbursement claim.

Because we conclude Sonic failed to establish as a matter of law that its claim for reimbursement under the TWCA, as a subclaimant, survived the employee's election to pursue and recover remedies under Alabama's workers' compensation laws, we reverse the trial court's judgment in Sonic's favor and render judgment affirming the decision of the appeals panel in Cause

No. 14–05–00111–CV. Further, because we hold that the trial court's decision to continue abatement of Sonic's contract claims was improper, and Sonic lacks an adequate remedy by appeal should abatement continue, we conditionally grant Sonic's petition for writ of mandamus in Cause No. 14–05–00770–CV.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gary Cochran, an Alabama resident, injured his back while working for Sonic in that state. Sonic informed TMI of Cochran's injury,[1] but TMI denied coverage, claiming Cochran was an independent contractor and that he failed to meet the extraterritorial provisions of the TWCA. Sonic began making voluntary compensation payments to Cochran shortly after his injury.

In 1999, Sonic filed its contract claims against TMI in a Harris County court and also filed claims against Randy Croix and the Eddie Croix Insurance Agency, Inc. (the "Croix defendants"), the parties that sold TMI's policy to Sonic.[2] In that same year, Cochran filed suit against Sonic in Alabama, under that state's workers' compensation laws. Cochran recovered judgment against Sonic on July 13, 2001. Several days later, on July 17, 2001, Sonic filed a claim with the Texas Workers' Compensation Commission ("TWCC") seeking reimbursement under section 409.009 of the Labor Code, for $78,023.89, the voluntary benefits it paid to Cochran prior to his receipt of the Alabama judgment.[3] Following a hearing on Sonic's reimbursement claim, the hearing officer concluded that Cochran was Sonic's employee at the time of the accident and was entitled to benefits under the TWCA, but because he recovered benefits under Alabama's laws, he was barred by section 406.075 of the Texas Labor Code[4] from recovering benefits and, as Cochran's subclaimant, Sonic's reimbursement claim was likewise barred.

Sonic appealed the hearing officer's decision regarding Cochran's election of remedies and its entitlement to reimbursement. On May 22, 2002, the appeals panel issued its decision, affirming the hearing officer's determinations and concluding as follows:

> The hearing officer did not err in determining that the claimant elected to pursue a remedy and recover compensation under the workers' compensation laws of the State of Alabama. . . .

* * * *

> The hearing officer did not err in determining that [Sonic] is not entitled to reimbursement for workers' compensation and medical payments from the carrier because he also found that no benefits were due under the laws of Texas. [Sonic's] request for reimbursement is essentially a subrogation claim to those benefits. Because [Cochran] is barred from recovery under the [TWCA], we conclude that [Sonic], likewise, is not entitled to recovery under the [TWCA] as a matter of law. A question of whether [Sonic] is entitled to reimburse-

---

1. Sonic's policy with TMI contained an "Other States Endorsement" that provided coverage for employees injured while working outside of Texas.

2. The Croix defendants are not a party to the appeal, but are real parties in interest in the mandamus proceeding.

3. Specifically, the sum represents payments made to Cochran from June 3, 1997 to July 6, 2001.

4. That provision bars an employee from recovering under the TWCA if he has pursued and recovered benefits under the workers' compensation laws of another jurisdiction. *See* TEX. LAB.CODE ANN. § 406.075 (Vernon 2006).

ment of Alabama benefits remains a question for another jurisdiction.

In their decision, the panel discussed primarily whether Cochran had in fact made an "election" to pursue his remedies in Alabama, noting the hearing officer did not credit Cochran's statement that he was compelled to pursue benefits under Alabama's laws rather than the TWCA, and concluded the hearing officer's determination was not so against the great weight and preponderance of the evidence.[5] Sonic filed a lawsuit seeking judicial review of the panel's decision.

In 2001, after Sonic filed its reimbursement claim with the TWCC, Sonic's contract claims were abated pending a determination of the compensability of Cochran's injury. The abatement order was temporarily lifted in January 2003, and the cases were subsequently consolidated. Both parties then moved for summary judgment on the election of remedies issue in the consolidated cases. The trial court granted Sonic's motion, and in its final order,[6] awarded Sonic $78,023.89 under section 409.009, reversed the appeals panel's decision on whether Cochran had made an election of remedies and on Sonic's entitlement to reimbursement, and denied TMI's summary judgment motion. TMI appeals the trial court's judgment.

On October 23, 2003, prior to Sonic's moving for summary judgment, the trial court granted TMI's[7] request to again abate Sonic's contract claims. Sonic's contract claims have been abated since that date.[8] The trial court's abatement orders are the subject of Sonic's mandamus petition.

## II. DISCUSSION

In its appeal, TMI presents two issues for our review: (1) whether section 406.075 applies to bar Cochran's pursuit of remedies under the TWCA; and (2) if so, is Sonic, as Cochran's subclaimant, barred from seeking reimbursement under section 409.009. TEX. LAB.CODE ANN. § 409.009 (Vernon 2006).

In its mandamus petition, Sonic argues that continued abatement of its contract claims is an abuse of discretion because there is no authority to support abatement, and the orders are a violation of the Open Courts provision of the Texas Constitution. See TEX. CONST. Art. I, § 13. We begin with the appeal.

### A. TMI's Appeal

TMI argues the trial court erred in granting summary judgment to Sonic on the reimbursement claim because section 406.075 bars Cochran's recovery of benefits under the TWCA and, as Cochran's subclaimant, Sonic is likewise barred from recovering under that statute. In re-

5. Though the panel affirmed the hearing officer's decision, it amended the conclusions of law to reflect that reimbursement of Texas benefits was precluded, but reimbursement under Alabama law was not being addressed.

6. Following severance of the contract claims, the trial court issued its final order in the judicial review case on January 27, 2005.

7. The Croix defendants also requested abatement of Sonic's contract claims. When discussing abatement in the mandamus proceed-

ing, we refer to TMI and the Croix defendants collectively as real parties.

8. On February 10, 2004, Sonic filed a second motion to lift abatement of its contract claims. The trial court did not grant the motion. On March 8, 2004, Sonic filed a third motion to lift the abatement, which was denied by the trial court on May 24. Sonic filed a renewed motion to lift the abatement on November 1, 2004. The record does not indicate that the trial court ruled on Sonic's renewed motion.

sponse, Sonic contends that section 406.075 does not apply in this case because the compensation payments to Cochran were voluntary and were made prior to his receipt of the Alabama judgment. Sonic asserts it is entitled to recover the benefits from TMI because it satisfied the provisions of section 409.009.

Section 406.075(a) provides that an employee who elects to pursue his remedy under the workers' compensation laws of another jurisdiction, and who recovers benefits under those laws, may not recover under the TWCA. TEX. LAB.CODE ANN. § 406.075(a) (Vernon 2006). Under section 409.009 of the Labor Code, a person may file a claim with the TWCC as a subclaimant if that person has:

> (1) provided compensation, including health care provided by a health care insurer, directly or indirectly, to or for an employee or legal beneficiary; and
> (2) sought and been refused reimbursement from the insurance carrier.

*Id.* § 409.009.

### 1. Summary Judgment Motions

In the trial court, Sonic argued in its summary judgment motion that the appeals panel erred because section 409.009 does not require a finding that benefits are due under the laws of Texas, and there was no election of remedies until Cochran received the Alabama judgment on July 13, 2001.[9] Sonic claimed that Cochran was compelled to pursue his benefits in Alabama due to TMI's continued denial of his claim, and that section 406.075 had not

been satisfied at the time payments were made because no remedy was obtained in Alabama until the judgment was entered.

TMI argued in its summary judgment motion that Sonic's claim for reimbursement under the TWCA was barred because Cochran's recovery was barred. TMI reasoned that, as Cochran's subclaimant, once Cochran recovered the Alabama judgment, Sonic was also barred from receiving benefits under the TWCA. Further, TMI asserted (1) the Alabama judgment expressly stated that both Cochran and Sonic were subject to Alabama's workers' compensation laws and therefore, adjudicated the issue as to which jurisdiction's laws applied; and (2) a double recovery would occur if Sonic received reimbursement because Sonic received credit for the voluntary payments in the Alabama judgment.

As noted, the trial court granted Sonic's summary judgment motion, awarding $78,023.89 for reimbursement of the voluntary payments made prior to July 13, 2001, and stated that, as a matter of law, Sonic's "claim for reimbursement under [section 409.009] is not barred by [section 406.075] as it relates to [Sonic's] claims for reimbursement of payments made to or on behalf of [Cochran] prior to" the Alabama judgment.[10]

### 2. Standard of Review

When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, a reviewing court examines the sum-

---

9. Sonic also argued in its motion that the common law election of remedies doctrine was abrogated by section 409.009 and was no longer "a viable affirmative defense to the pursuit of a workers' compensation claim," citing *Valley Forge Insurance Co. v. Austin*, 65 S.W.3d 371, 372–73 (Tex.App.-Dallas 2001), *aff'd in part*, 105 S.W.3d 609 (Tex.2003) (per curiam). However, at this point both parties

agree that the common law election of remedies doctrine does not apply in this case and therefore, we do not address the doctrine.

10. Sonic had filed a no-evidence summary judgment motion, which the trial court also denied in its order. There are no issues raised concerning the court's denial of that summary judgment motion.

mary judgment evidence presented by both sides, determines all questions presented, and if reversing, renders such judgment as the trial court should have rendered. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *see Johnston v. Crook,* 93 S.W.3d 263, 267 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). To prevail on a motion for summary judgment, the movant must establish that there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in his favor. *Dorsett,* 164 S.W.3d at 661.

### 3. TWCC Proceedings

The parties' arguments in the judicial review case have evolved somewhat over the course of the proceedings. However, section 410.302 of the Labor Code provides that a trial court is limited to reviewing only those issues decided by the appeals panel. TEX. LAB.CODE ANN. § 410.302(b) (Vernon 2006); *Ins. Co. of Pa. v. Hartford Underwriters Ins. Co.,* 164 S.W.3d 747, 749 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Further, a delineation of the matters at issue in the judicial review case facilitates our disposition of Sonic's mandamus petition. Therefore, we set out the issues addressed in the TWCC proceedings.

In his conclusions of law, the hearing officer determined that (1) Cochran sustained a compensable injury while working in Alabama, (2) he was Sonic's employee at that time, (3) Cochran was entitled to

all rights and remedies under the TWCA, (4) Sonic timely filed notice of Cochran's injury under the Labor Code, but (5) because Cochran elected to "pursue a remedy and recover compensation" under Alabama's workers' compensation laws, he was barred from recovery under the TWCA; consequently, (6) Sonic was not entitled to reimbursement from TMI under the TWCA for compensation and medical payments made to Cochran. Sonic appealed only the last two determinations: Cochran's election of remedies and its right to reimbursement. Because the hearing officer's remaining conclusions were not appealed, they are final and establish that Cochran was Sonic's employee at the time of the accident and he suffered a compensable injury. *See* TEX. LAB.CODE ANN. § 410.169 ("A decision of a hearing officer regarding benefits is final in the absence of a timely appeal by a party...."). In affirming the hearing officer's decision, the appeals panel noted that it was undisputed Cochran did in fact receive workers' compensation benefits under Alabama's workers' compensation laws and, as a subrogation claim, Sonic was not entitled to reimbursement.

### 4. Analysis

█ There are no disputed facts in this case. At this point, there is no dispute that (1) when Cochran received the Alabama judgment on July 13, 2001, for purposes of section 406.075, he "elected" to recover benefits under Alabama's workers' compensation laws;[11] (2) Cochran did in fact receive benefits under Alabama's laws; (3) Sonic filed its claim for reimbursement under the TWCA on July 17, 2001; and (4)

---

11. Moreover, as the hearing officer noted, although acceptance of benefits may not necessarily constitute an election, as is evidenced by section 406.075(b), "the law appears settled" that when a claimant takes action to pursue benefits in another jurisdiction and has "finalized" his claim and accepted benefits, he "has made an election as that term is used under section 406.075(a)."

Sonic sought reimbursement as Cochran's subclaimant. In light of these undisputed circumstances, the question before us in this appeal is a narrow one: if a claimant is barred from recovering benefits under the TWCA due to his election to pursue and recover benefits under the laws of another state, is that claimant's subclaimant barred from receiving reimbursement under section 409.009 after the claimant's "election" has occurred? This question was answered affirmatively in the TWCC proceedings.

The Labor Code provides for a modified de novo review of appeals panel decisions on issues of "'compensability or eligibility for or the amount of income or death benefits.'" *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000) (quoting *Rodriguez v. Serv. Lloyds Ins. Co.,* 997 S.W.2d 248, 253 (Tex.1999)). Generally, a trial court is required to give consideration to the appeals panel's decision. TEX. LAB.CODE ANN. § 410.304(b); *St. Paul Ins. Co. v. Mefford,* 994 S.W.2d 715, 719 (Tex.App.-Dallas 1999, pet. denied). A question of statutory interpretation, however, is a question of law and the administrative determination of a question of law is not entitled to a presumption of validity. *Sonic Drive–In of Raymondville v. Hernandez,* 797 S.W.2d 254, 256 (Tex.App.-Corpus Christi 1990, writ denied). Neither a district court nor an appellate court is bound by an administrative agency's construction of one of its statutes.[12] *Id.*

We construe statutory provisions to ascertain and effectuate legislative intent, and we ascertain that intent by first looking to the plain and common meaning of the statute's words. *See Powell v. Stover,* 165 S.W.3d 322, 326 (Tex.2005); *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 176 (Tex. 2004). We must also view a statute's terms in context and give them full effect. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage"). When examining the provisions within the TWCA, we should keep in mind the comprehensive nature of the Act. *See In re Tyler Asphalt & Gravel Co., Inc.,* 107 S.W.3d 832, 840 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding) (noting that because of the comprehensive and exclusive nature of the TWCA, it must be read as a whole).

In this case, by its plain language, section 406.075(a) bars an injured employee from recovering benefits under the TWCA if he pursues and recovers benefits under the workers' compensation laws of another jurisdiction. Sonic acknowledged in its summary judgment motion that Cochran received benefits under Alabama's workers' compensation laws on July 13, 2001, the date he received the Alabama judgment, and at that point, "elected" to pursue his remedies under that state's laws for purposes of section 406.075. Sonic argued however that section 406.075 did not apply because Cochran had not elected to pursue his remedies under Alabama's laws at the time the voluntary payments were made. But, given that Cochran was in fact barred from receiving benefits under the

---

12. "The construction given to a statute by the administrative agency charged with its execution is entitled to serious consideration if it is reasonable, consistent with the Legislature's intent, and does not contradict the plain language of the statute." *Ins. Co. of Pa. v.* *Moore,* 43 S.W.3d 77, 81–82 (Tex.App.-Fort Worth 2001, no pet.) (citing TEX. GOV'T CODE ANN. § 311.023(6) (Vernon 1998) and *Tex. Water Comm'n v. Brushy Creek Mun. Util. Dist.,* 917 S.W.2d 19, 21 (Tex.1996)).

TWCA at the time Sonic pursued reimbursement as Cochran's subclaimant, it begs the question: why, if Cochran was barred from recovering benefits under the TWCA, would Sonic's "subclaim" survive that election? This was the issue decided in the TWCC proceedings.

■ Sonic did not provide the trial court, or this Court, with authority to support its contention that its ability to recover benefits under the TWCA as a subclaimant survived Cochran's election and recovery of benefits under Alabama's laws. In the trial court, Sonic argued it is entitled to reimbursement simply because the requirements of section 409.009 have been satisfied, suggesting its ability to recover reimbursement under the TWCA is independent of Cochran's ability to recover benefits. However, a derivative claim under the TWCA is not independent of the employee's claim. *See Franks v. Sematech, Inc.*, 936 S.W.2d 959, 960 (Tex.1997) (examining a carrier's subrogation claim, stating "[t]here is but one cause of action for an employee's injuries, and it belongs to the employee."). It follows that, as a subclaimant, Sonic's ability to recover reimbursement under the TWCA should be coextensive with Cochran's ability to recover benefits.[13] *Cf. id.* (reasoning that a carrier who asserts a subrogation claim asserts a claim that belongs to the employee).

Sonic's argument also ignores the plain language of section 409.009. Fulfilling the requirements of that section merely allows a party to seek reimbursement as a "subclaimant." That term is not specifically defined in the TWCA, but denotes that reimbursement is derivative of the claimant's ability to recover benefits.[14] Also, a subclaimant may seek reimbursement under section 409.009 if he has provided "compensation payable" under the TWCA. TEX. LAB.CODE ANN. § 409.009. "Compensation" is defined as payment of benefits, and "benefit" is defined in relation to a "compensable injury." TEX. LAB.CODE ANN. § 401.011(5), (10) (Vernon 1996).[15] When read in full, reimbursement is limited to payments made pursuant to the claimant's ability to fall within the purview of the TWCA; in other words, the subclaimant's reimbursement is contingent upon the injured employee's ability to receive benefits under the statute. Sonic's arguments to the contrary are not persuasive.

Beginning with Sonic's argument that it is entitled to reimbursement under section 409.009 because the voluntary payments were made *prior* to Cochran's election to recover benefits under Alabama's laws, although Sonic's payments preceded the Alabama judgment, this does not necessitate the conclusion that Sonic is therefore entitled to seek benefits under the TWCA *after* Cochran was barred from receiving

13. Further, it does not appear from the record that Sonic ever asserted in the TWCC proceedings that it was entitled to recover reimbursement benefits under the TWCA independently of Cochran's election under 406.075. The record reflects that Sonic primarily argued Cochran's pursuit of benefits under Alabama's laws was not an "election." Also, neither party raised any issues in the TWCC proceedings regarding Sonic's pursuit of benefits as a "subclaimant" or the import of that designation.

14. The prefix "sub" is defined as "under; upon." BLACK'S LAW DICTIONARY 1464 (8th ed.1999).

15. A subclaimant's ability to seek reimbursement has been defined in relation to compensation since the provision was enacted. *See* Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, 1989 Tex. Gen. Laws 1, 5 (TEX.REV.CIV. STAT. ANN. Art. 8308–1.03(44), amended 1993) (currently codified at TEX. LAB.CODE ANN. § 409.009 (Vernon 2006)).

benefits.[16] Under section 406.075, Cochran was barred from recovering benefits under the TWCA when Sonic pursued reimbursement under section 409.009 as Cochran's subclaimant.

■ Sonic also argues that it could not seek reimbursement under section 409.009 until Cochran received the Alabama judgment, at which point it was able to calculate the amount to be reimbursed. Again, however, that fact does not necessitate the conclusion that Sonic's derivative claim survived Cochran's election. *Cf. Guillot v. Hix*, 838 S.W.2d 230, 234–35 (Tex.1992) (concluding there is no reason to defer accrual of a carrier's subrogation claim until the employee's right to compensation is determined). Section 409.009 does not require that a subclaimant seek reimbursement only after the employee's claim is finally determined. Cochran's injury occurred in 1997, and he recovered judgment against Sonic in 2001. Sonic contends its claim for reimbursement was refused by TMI in June 1997; however during the intervening years, prior to receipt of the Alabama judgment, the record does not reflect that Sonic pursued any further recovery under the TWCA.

### 5. Conclusion

Cochran recovered benefits under Alabama's workers' compensation laws, and section 406.075(a) applied to bar Cochran from receiving benefits under the TWCA. As Sonic's claim for reimbursement was as Cochran's subclaimant, once Cochran was barred from receiving benefits under the TWCA, Sonic was similarly barred. Sonic did not prove, as a matter of law, that it was entitled to receive reimbursement benefits under the TWCA as a subclaimant

though Cochran, its claimant, was barred. We therefore reverse the trial court's judgment in favor of Sonic and render judgment affirming the appeals panel's decision.[17]

### B. Sonic's Mandamus

In its mandamus petition, Sonic seeks relief from the trial court's October 23, 2003 orders of abatement. *See generally* Tex.R.App. P. 52.3. Sonic argues that the trial court's continued abatement of its contract claims is an abuse of discretion because there is no authority under the law to support continued abatement, and the orders violate the Open Courts provision of the Texas Constitution. *See* Tex. Const. Art. I, § 13. In response, TMI asserts that the contract claims are dependent on a final decision in the judicial review case and judicial economy requires they remain abated pending a final ruling on the reimbursement issue.

### 1. Standard of Review

■ To be entitled to the requested mandamus relief, Sonic must show that the trial court's order is a clear abuse of discretion and it has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Ford Motor*, 165 S.W.3d at 317; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). To determine whether

---

**16.** Whether Sonic could recover for its payments had it sought reimbursement under the TWCA prior to Cochran's receipt of the judgment was not an issue in the TWCC proceedings.

**17.** We are not deciding whether Sonic has other remedies against TMI for the voluntary compensation it paid to Cochran.

a party has an adequate remedy by appeal, we balance jurisprudential considerations implicating both public and private interests. *In re Prudential,* 148 S.W.3d at 136. When the benefits of mandamus review outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.*

### 2. Abatement

A trial court's decision to grant or deny a motion to abate is within the court's discretion. *See Project Eng'g USA Corp. v. Gator Hawk, Inc.,* 833 S.W.2d 716, 724 (Tex.App.-Houston [1st Dist.] 1992, no writ); *see also Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985) (concluding that abatement is an incidental ruling by the trial court not subject to mandamus review). There are exceptions, however, to this general rule. *See, e.g., In re Luby's Cafeterias, Inc.,* 979 S.W.2d 813, 815 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding) (noting exceptions); *See also In re Sims,* 88 S.W.3d 297, 306 (Tex.App.-San Antonio 2002, orig. proceeding) (concluding that an indefinite abatement was an abuse of the trial court's discretion).

### 3. Sonic's Arguments—Abuse of Discretion

The trial court's abatement orders state as follows:

[A]ll further proceedings relating to the Plaintiff's causes of action for negligence, gross negligence, violation of the Texas Deceptive Trade Practices Act ["DTPA"], breach of contract, and breach of the duty of good faith and fair dealing in this cause are hereby ABATED AND STAYED under the doctrine of primary jurisdiction until such time as the Court may lift this abatement by written order rendered after the filing of a motion to revive these causes of action and after the Court has conducted a hearing on said motion.

Sonic acknowledges that abatement orders are ordinarily incidental rulings of the court not subject to mandamus review. But Sonic argues that when extraordinary circumstances exist, this general rule may not apply. Sonic claims extraordinary circumstances are present here because continued abatement prevents it from pursuing remedies against real parties in interest and violates the open courts provision of the Texas Constitution. *See* TEX. CONST. Art. I, § 13. Sonic also contends that the trial court has abused its discretion because there is no authority to support continued abatement.

In *Trapnell v. Hunter,* 785 S.W.2d 426, 429 (Tex.App.-Corpus Christi 1990, orig. proceeding), the appellate court concluded, under different factual circumstances, that the state court's abatement order—and its refusal to lift the order—was arbitrary and violated the relators' rights under article 1 section 13 of the Texas Constitution, stating "[w]hen the trial court sustains a plea in abatement ... the plaintiff is effectively denied any other method of challenging the court's action for an indefinite period of time.... Because a trial judge may not arbitrarily halt trial proceedings, mandamus will lie to compel a trial judge to proceed to trial and judgment in a case pending in his court." *Id.* at 429. Likewise, in *Gebhardt v. Gallardo,* when the trial court severed and abated the relator's negligence claim from an alternative claim due to the real party's assertion that he would lose his Fifth Amendment right against self-incrimination if the negligence case went forward, the appellate court concluded that an appeal is not an adequate remedy where the ability to present a viable claim is "vitiated by a pretrial order." 891 S.W.2d 327, 328, 332 (Tex.App.-San Antonio 1995, orig. proceeding). The *Gebhardt* court acknowledged that an abatement ruling is generally only an inci-

dental one, but noted the trial court should consider what effect, if any, abatement would have on the relator's ability to prosecute the remaining claim. *Id.* at 332. The court determined the negligence claim was vitiated by abatement because the relator was prohibited from preserving testimony, stating "[a]s time goes on, memories will likely dim and evidence become unavailable." *Id.* The court also noted that abating a case indefinitely violates the open courts provisions of the Texas Constitution. *Id.* Relying on these cases, Sonic claims that abatement of its contract claims goes to the heart of the litigation and its ability to prosecute its causes of action because if the claims cannot go forward, witnesses will disappear and memories will become impaired.

### 4. *TMI's Response*

TMI contends the cases relied on by Sonic are inapposite because a workers' compensation claim is at issue in this case. Relying primarily on *American Motorists Insurance Co. v. Fodge*, 63 S.W.3d 801 (Tex.2001), and *In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d 832 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding), TMI argues that claims involving bad faith and negligence must be abated pending a final resolution of prerequisite or related workers' compensation claims.

In *Fodge*, a workers' compensation claimant brought suit against an insurer for breach of the duty of good faith and fair dealing, negligence, fraud, and violations of the Insurance Code and the DTPA. 63 S.W.3d at 802–03. The trial court granted the insurer's motion to dismiss, based on the insurer's argument that the claimant's causes of action were under the exclusive jurisdiction of the TWCC because they were all based on a denial of compensation benefits. The appellate court reversed, however, holding that the claimant's extra-contractual claims were unrelated to the compensation claims. *Id.* at 803. On review, the supreme court parsed the claimant's causes of action into three claims: (1) for compensation benefits due under the insurance policy, (2) for damages caused by the insurer's bad faith denial of benefits, and (3) for damages caused by the insurer's bad faith delay in handling the claim and in making payments. *Id.* The supreme court concluded that the first two claims involved issues within the exclusive jurisdiction of the TWCC because both required a determination that benefits were in fact due to the claimant. *Id.* at 804. However, the court concluded that the claims related to the temporary income benefits—delays in communication with the claimant and in payment of the benefits, and an improper investigation—were properly before the trial court and should not have been dismissed. *Id.* at 805.

In *Tyler*, another workers' compensation case, this Court determined that judicial review is a part of the statutory process under the TWCA, and because the viability of the negligence action there depended on whether the deceased worker was within the course and scope of his employment at the time of his death, an issue under the exclusive jurisdiction of the TWCC, abatement of the negligence action pending a final determination in the judicial review case was necessary. 107 S.W.3d at 836, 843.

In reply, Sonic argues that there is no issue of exclusive jurisdiction in this case and therefore, *Tyler* does not apply. Sonic asserts that its contract claims do not rest on a final determination of the issue in the judicial review case, and thus, there is no jurisdictional impediment to its contract claims going forward. Applying the analysis used by the *Fodge* court, we examine Sonic's contract claims in relation to the

judicial review claims. *See Fodge*, 63 S.W.3d at 803.

### 5. Sonic's Claims

Sonic's contract claims against real parties consist of the following causes of action: (1) negligence and gross negligence claims against TMI and Croix; (2) DTPA claims against Croix; (3) breach of contract and breach of the duty of good faith and fair dealing against TMI; and (4) declaratory relief. In its pleadings, Sonic claims TMI and Croix were negligent in failing to properly acquire workers' compensation insurance coverage, and in failing to properly investigate Cochran's claims; Sonic is not asserting that the negligence of TMI and Croix caused Cochran's injuries.[18]

Sonic's causes of action are similar to those asserted in *Fodge*. However, in this case, the issues within the exclusive jurisdiction of the TWCC that are possibly relevant to Sonic's contract claims have been finally determined—that is, Cochran was Sonic's employee at the time he suffered the compensable injury. *See Fodge*, 63 S.W.3d at 803–04. Further, Sonic's pleadings reflect that its negligence claims are independent of any workers' compensation remedies, and the issues involved in the judicial review case—Cochran's election of remedies and Sonic's reimbursement claim[19]—are discrete matters from those raised by Sonic's contract claims.[20]

Referring to Sonic's claims primarily as "bad faith" claims, TMI argues that resolution of the workers' compensation case is a "necessary predicate" to Sonic's claims, asserting that if Sonic's workers' compensation claim is barred, its other claims are also barred. But, under the circumstances of this case, TMI's assertion is incorrect. While Sonic's bad faith claims might be barred if it was determined that Cochran was not Sonic's employee or he did not suffer a compensable injury, those issues have been finally determined. *See Fodge*, 63 S.W.3d at 805; *see generally Henry v. Dillard Dep't Stores, Inc.*, 70 S.W.3d 808, 809 (Tex.2002) (stating that a court cannot determine compensability issues because they are the exclusive province of the TWCC); *Tyler*, 107 S.W.3d at 843. Here, Sonic's contract claims do not depend on the final determination of Cochran's election of remedies under section 406.075 or Sonic's right to reimbursement under section 409.009.

The most current abatement of Sonic's contract claims began approximately twenty-nine months ago, on October 23, 2003, based upon the doctrine of primary jurisdiction. And, should Sonic pursue an appeal of our ruling in the judicial review case, its ability to pursue the contract

---

18. TMI cites to *In re Louisiana–Pacific Corp.*, 112 S.W.3d 185 (Tex.App.-Beaumont 2003, orig. proceeding), in support of its argument that negligence claims must be abated pending a resolution of workers' compensation claims. In that case, however, the worker was alleging the employer's negligence resulted in his injury. *Id.* at 187. Under the TWCA, that negligence claim is barred by the exclusivity provision. *Id.* at 189. However, this is not the posture of Sonic's contract claims.

19. Notably, the appeals panel stated in its decision that the terms of the insurance policy indicated TMI was required to reimburse Sonic under the circumstances, but stated "[i]n any case, the hearings system of the Commission is not a general court of law with the jurisdiction to adjudicate contract liability."

20. Should Sonic choose to pursue reimbursement of the voluntary payments through its contract claims, because discovery has been conducted on the reimbursement issue, continued abatement does not serve the interests of judicial economy.

claims will be further delayed, rendering it impossible to determine when abatement will end. Sonic is faced with a difficult choice. However, at this point in the proceedings, the issues to be finally determined in the judicial review case are not determinative of Sonic's contract claims, and continued abatement of the contract claims does not serve concerns raised in *Fodge* or *Tyler*. Therefore, we conclude the trial court's October 23, 2003 orders of abatement are an abuse of discretion. *See Gebhardt*, 891 S.W.2d at 329–30. It remains whether Sonic has shown that it lacks an adequate remedy by appeal should the contract claims remain abated.

### 6. *Adequate Remedy by Appeal*

■ Sonic argues it has no adequate remedy by appeal because the Alabama judgment has adverse consequences on its ability to operate. Sonic provided an affidavit stating it has lost three prospective buyers due to the adverse judgment, and it is losing profits because it cannot purchase needed equipment and training. Sonic contends that these losses will be increased because a final resolution of the judicial review case can take several more years. TMI argues that lost profits do not equate to an inadequate appellate remedy.

■ Balancing jurisprudential considerations, both public and private, in determining whether an adequate remedy by appeal exists, while we are mindful that abatement orders are incidental rulings of the trial court and lost profits do not establish an inadequate appellate remedy, it is also true that whether an appellate remedy is adequate should be guided by general principles rather than simple rules; it is not an abstract or formulaic determination and "depends heavily on the circumstances presented." *In re Prudential*, 148 S.W.3d at 136. Mandamus review may be essential to preserve important substantive

and procedural rights from impairment or loss. *Id.*

In this case, Sonic's evidence shows it is suffering financial burdens due to the Alabama judgment, the cost of which cannot be remedied by appeal. Also, as Sonic argues, its ability to prosecute the contract claims is hindered by continued abatement, because witnesses will disappear and memories will become impaired. These are ramifications of continued abatement that are not remedied by appeal. *See Gebhardt*, 891 S.W.2d at 332. Finally, it is impossible to determine when abatement will end in this case. Because abatement appears indefinite, it violates the open courts provision of the Texas Constitution. *Id.* We conclude that the benefits of mandamus review of the trial court's abatement orders in this case outweighs its detriments, and Sonic lacks an adequate remedy by appeal.

### 7. *Conclusion*

The trial court abated Sonic's contract claims over two years ago based on the doctrine of primary jurisdiction. However, the issues within the exclusive jurisdiction of the TWCC that may be determinative of Sonic's contract claims have been finally determined, and continued abatement of the contract claims based on primary jurisdiction is without support. The issues in the judicial review case are separate from Sonic's contract claims and do not impact Sonic's ability to proceed with its contract claims. Continued abatement unnecessarily denies Sonic the opportunity to pursue its remedies against real parties for an indeterminable period of time and is an abuse of discretion for which Sonic lacks an adequate remedy by appeal. Therefore, we conditionally grant Sonic's petition for writ of mandamus. We trust the trial court will lift abatement of Sonic's contract claims. The writ will issue only if the trial court fails to do so.

### III. CONCLUSION

In conclusion, we hold that Sonic failed to establish as a matter of law that it is entitled to recover reimbursement for benefits under the TWCA as Cochran's subclaimant when Cochran, the claimant, was barred from receiving benefits under the statute. Therefore, in Cause No. 14–05–00111–CV, we reverse the trial court's judgment in Sonic's favor and render judgment affirming the appeals panel's decision. And, for the reasons set out above, we hold that continued abatement of Sonic's contract claims is an abuse of discretion, Sonic lacks an adequate appellate remedy, and therefore, in Cause No. 14–05–00770–CV, we conditionally grant Sonic's mandamus petition.

### SUPPLEMENTAL OPINION ON REHEARING

Appellee Sonic Systems International, Inc. filed a motion for rehearing in the referenced cause, which is denied. We issue this supplemental opinion, however, to address the issues raised by Sonic.

On rehearing, Sonic asserts that this court's opinion contains two "substantial" analytical errors, as follows: (1) "it conflates [Sonic's] status as a subclaimant with that of a subrogee," and (2) it construes "[s]ection 406.075 [of the TWCA] to bar [Sonic's] reimbursement claim that does not depend on any 'election'" made by Cochran, Sonic's employee. Specifically, Sonic argues that the opinion holds there is no distinction between a subclaimant and a subrogee and asserts its claim for reimbursement under section 409.009 is greater than that of a subrogee. Sonic also argues that a reimbursement claim is independent and not derivative of the employee's right to recover.

As Sonic acknowledges in its rehearing motion, the issue in this case is one of first impression. For that reason, our opinion cites to several cases dealing with subrogation issues rather than subclaimants, but this does not mean the two concepts were conflated. The issue we address in the opinion is whether Sonic's right to reimbursement under the TWCA is greater than Cochran's, not whether its rights are greater than a subrogee's. There was no dispute that Sonic was seeking reimbursement as Cochran's subclaimant, and the opinion does not attempt to define the parameters of that designation. As we note in footnote 13 of the opinion, "neither party raised any issues in the TWCC proceedings regarding Sonic's pursuit of benefits as a 'subclaimant' or the import of that designation." The opinion concludes that Sonic did not establish, as a matter of law, that it can recover under the TWCA as Cochran's subclaimant if Cochran was, in fact, barred from recovery under the statute.

In its motion for summary judgment in the trial court, Sonic argued that section 406.075 had not been satisfied when it made payments to Cochran and, therefore, no remedy was obtained in Alabama until the judgment was entered and section 406.075 could not bar its reimbursement claim. Sonic also argued that there was no "election" under section 406.075 *until* Cochran recovered the Alabama judgment on July 13, 2001. Thus, by its arguments, Sonic conceded that receipt of the Alabama judgment was Cochran's "election" to recover benefits under Alabama's laws for purposes of section 406.075. The opinion notes there was no dispute that once Cochran received the Alabama judgment, he recovered benefits under Alabama's laws for purposes of section 406.075 and no dispute that Sonic sought reimbursement after that election. The opinion does not address whether Sonic may have been able to recover payments had it filed the reimbursement claim prior to Cochran's receipt

of the Alabama judgment. As we noted, section 409.009 requires a subclaimant seek and be refused reimbursement from the insurance carrier. TMI refused reimbursement—according to Sonic—in 1997; however, Sonic did not pursue reimbursement benefits under the TWCA until after Cochran received the Alabama judgment. Further, Sonic received credit in the Alabama judgment for payments it made to Cochran—adjudicating those payments— and, in the trial court, the parties indicated the payments may be characterized as "damages" in the underlying contract dispute. Sonic is not left without a remedy regarding those payments.

■ Finally, although Sonic claims its recovery under section 409.009 is not derivative of Cochran's, it does not cite to any authority in support of its assertion. However, Sonic's right to recover reimbursement is expressly as a "subclaimant," thus implying the requirement of a "claimant" under the statute. While it is true section 409.009 does not expressly state that the subclaimant's reimbursement claim is derivative of a claimant's, construing the provision as a whole in relation to the entire TWCA, where a claimant is barred from recovering benefits, it follows that a subclaimant is similarly barred. *See Am. Cas. Co. v. Martin,* 97 S.W.3d 679, 686 (Tex.App.—Dallas 2003, no pet.) (stating, "threshold standard for the right to reimbursement is the existence of a compensable injury, and the amount of reimbursement is equal to the amount of benefits paid to the employee to which he was entitled.").

If this court were to conclude Sonic was entitled to recover reimbursement under the circumstances of this case, we must conclude that Sonic's rights as a subclaimant survived Cochran's rights as a claimant. Sonic's argument proposes that this conclusion is evidenced in the plain language of the provisions, but construing the statute as a whole, we disagree. Sonic failed to establish that its right to reimbursement under the statute as a "subclaimant" survived or exceeded Cochran's ability to recover benefits, as a matter of law.

Sonic's motion for rehearing in Cause No. 14–05–00111–CV is denied.