Motion for Rehearing Overruled and Supplemental Opinion filed February
15, 2007








Motion
for Rehearing Overruled and Supplemental Opinion filed February 15, 2007.

 

In The

 

Fourteenth Court of
Appeals

 

 

NO. 14-05-00111-CV

 

TEXAS MUTUAL INSURANCE CO., 

F/K/A TEXAS WORKERS= COMPENSATION FUND, Appellant 

 

V.

 

SONIC SYSTEMS INTERNATIONAL,
INC., Appellee

          
                                                                                                                                     

On Appeal from the 157th District Court 

 Harris County, Texas

Trial Court Cause No. 99-09637A

                                                                                                                                                

 

S U P P L
E M E N T A L  O P I N I O N  O N  R E H E A R I N G  

Appellee
Sonic Systems International, Inc. filed a motion for rehearing in the
referenced cause, which is denied.  We issue this supplemental opinion,
however, to address the issues raised by Sonic.   








On
rehearing, Sonic asserts that this court=s opinion contains two Asubstantial@ analytical errors, as follows:  (1) Ait conflates [Sonic=s] status as a subclaimant with that
of a subrogee,@ and (2) it construes A[s]ection 406.075 [of the TWCA] to bar [Sonic=s] reimbursement claim that does not
depend on any >election=@ made by Cochran, Sonic=s employee.  Specifically, Sonic
argues that the opinion holds there is no distinction between a subclaimant and
a subrogee and asserts its claim for reimbursement under section 409.009 is
greater than that of a subrogee.  Sonic also argues that a reimbursement claim
is independent and not derivative of the employee=s right to recover.

As Sonic
acknowledges in its rehearing motion, the issue in this case is one of first
impression.  For that reason, our opinion cites to several cases dealing with
subrogation issues rather than subclaimants, but this does not mean the two
concepts were conflated.  The issue we address in the opinion is whether Sonic=s right to reimbursement under the
TWCA is greater than Cochran=s, not whether its rights are greater than a subrogee=s.  There was no dispute that Sonic
was seeking reimbursement as Cochran=s subclaimant, and the opinion does
not attempt to define the parameters of that designation.  As we note in
footnote 13 of the opinion, Aneither party raised any issues in the TWCC proceedings
regarding Sonic=s pursuit of benefits as a >subclaimant= or the import of that designation.@  The opinion concludes that Sonic
did not establish, as a matter of law, that it can recover under the TWCA as
Cochran=s subclaimant if Cochran was, in
fact, barred from recovery under the statute. 








In its
motion for summary judgment in the trial court, Sonic argued that section
406.075 had not been satisfied when it made payments to Cochran and, therefore,
no remedy was obtained in Alabama until the judgment was entered and section
406.075 could not bar its reimbursement claim.  Sonic also argued that there
was no Aelection@ under section 406.075 until
Cochran recovered the Alabama judgment on July 13, 2001.  Thus, by its
arguments, Sonic conceded that receipt of the Alabama judgment was Cochran=s Aelection@ to recover benefits under Alabama=s laws for purposes of section
406.075.  The opinion notes there was no dispute that once Cochran received the
Alabama judgment, he recovered benefits under Alabama=s laws for purposes of section
406.075 and no dispute that Sonic sought reimbursement after that election. 
The opinion does not address whether Sonic may have been able to recover
payments had it filed the reimbursement claim prior to Cochran=s receipt of the Alabama judgment. 
As we noted, section 409.009 requires a subclaimant seek and be refused
reimbursement from the insurance carrier.  TMI refused reimbursementBBaccording to SonicBBin 1997; however, Sonic did not
pursue reimbursement benefits under the TWCA until after Cochran received the
Alabama judgment.  Further, Sonic received credit in the Alabama judgment for
payments it made to CochranBBadjudicating those paymentsBBand, in the trial court, the parties
indicated the payments may be characterized as Adamages@ in the underlying contract dispute. 
Sonic is not left without a remedy regarding those payments.   

Finally,
although Sonic claims its recovery under section 409.009 is not derivative of
Cochran=s, it does not cite to any authority
in support of its assertion.  However, Sonic=s right to recover reimbursement is
expressly as a Asubclaimant,@ thus implying the requirement of a Aclaimant@ under the statute.  While it is true
section 409.009 does not expressly state that the subclaimant=s reimbursement claim is derivative
of a claimant=s, construing the provision as a whole in relation to the entire TWCA,
where a claimant is barred from recovering benefits, it follows that a
subclaimant is similarly barred.  See Am. Cas. Co. v. Martin, 97 S.W.3d
679, 686 (Tex. App.CDallas 2003, no pet.) (stating, Athreshold standard for the right to
reimbursement is the existence of a compensable injury, and the amount of
reimbursement is equal to the amount of benefits paid to the employee to which
he was entitled.@). 








            If this court
were to conclude Sonic was entitled to recover reimbursement under the
circumstances of this case, we must conclude that Sonic=s rights as a subclaimant survived
Cochran=s rights as a claimant.  Sonic=s argument proposes that this
conclusion is evidenced in the plain language of the provisions, but construing
the statute as a whole, we disagree.  Sonic failed to establish that its right
to reimbursement under the statute as a Asubclaimant@ survived or exceeded Cochran=s ability to recover benefits, as a
matter of law.    

Sonic=s motion for rehearing in Cause No.
14-05-00111-CV is denied.  

 

                                                                              

                                                                                                

/s/        Wanda M. Fowler

Justice

 

 

 

Motion for Rehearing Denied and Supplemental Opinion
filed February15, 2007.

Panel consists of Justices Fowler, Edelman and
Guzman.